145 F.3d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
RICARDO CHAVEZ-QUINTANA, Defendant-Appellant.
 No. 96-30210.
D.C. No. CR-95-00506-1-ALH.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1998.**
Decided May 18, 1998.
 
 Appeal from the United States District Court for the District of Oregon, Ancer L. Haggerty, District Judge, Presiding.
 Before SCHROEDER, TROTT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ricardo Chavez-Quintana appeals his conviction and 65-month sentence imposed following his guilty plea to distributing and possessing with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and we affirm.
 
 
 3
 Chavez-Quintana contends that the government breached the plea agreement by failing to provide him with an opportunity to substantially assist the government in connection with another case and by recommending only a two level departure for the assistance provided. This contention lacks merit.
 
 
 4
 We review de novo whether the government violated the terms of the plea agreement. See United States v. Schuman, 127 F.3d 815, 817 (9th Cir.1997) (per curiam). The plea agreement is measured by contract law standards and the government is held to the literal terms of the plea agreement. See id. at 817-18.
 
 
 5
 Here, the literal terms of the agreement provide that the government would agree to a one-level reduction under U.S.S.G. § 5K1 .1 if Chavez-Quintana provided information regarding another existing case, and would grant "an additional reduction" if he provided information necessary to indict and charge the suspect, and testified, if necessary. The plea agreement specifies that the section 5K1.1 reductions will not exceed four levels.
 
 
 6
 At sentencing the government moved for a two level departure under section 5K1.1 based on the information provided by Chavez-Quintana. The government stated that if the information bore a more substantial result it would be willing to file a motion under Fed.R.Crim.P. 35 requesting a change in the sentence. The government complied with the literal terms of the agreement which only obligated it to recommend one level for the information obtained and "an additional reduction" if the information led to an indictment and charging of the suspect. Accordingly, the two levels recommended by the government did not constitute a breach of the plea agreement. See id.
 
 
 7
 Chavez-Quintana also contends that the district court erred by enhancing his offense level for weapon possession. This contention also lacks merit.
 
 
 8
 We review for clear error the district court's finding that a defendant possessed a firearm during the commission of a narcotics offense. See United States v. Stewart, 926 F.2d 899, 900 (9th Cir.1991). The district court did not clearly err by finding that Chavez-Quintana possessed a firearm during the commission of the offense given evidence that the firearm was found in Chavez-Quintana's bedroom closet in close proximity to $2,250, part of which was "buy money" supplied by the Sheriff's department, and in the residence where the drugs were found. See United States v. Heldberg, 907 F.2d 91, 93-94 (9th Cir.1990); United States v. Gillock, 886 F.2d 220, 223 (9th Cir.1989) (per curiam) (affirming enhancement where revolver was found with drugs in defendant's closet). Furthermore, in light of this evidence, the district court did not clearly err in finding not credible Chavez-Quintana's testimony at sentencing where he denied use of the firearm during the offense. See Heldberg, 907 F.2d at 92-94 (affirming district court's finding that defendant's account was not credible where gun was found in close proximity to drugs).
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3