**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Eduardo LUNA, aka Cesar Lopez,
Defendant–Appellant.**

**No. 00–10481.
D.C. No. CR–98–00292–JBR.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 8, 2002.*

Decided June 4, 2002.

Before BROWNING, KLEINFELD,
and GOULD, Circuit Judges.

MEMORANDUM **

Eduardo Luna appeals his 78–month sentence imposed following his guilty plea conviction to possession with intent to distribute cocaine base and conspiracy to use and carry a firearm during and in relation to a drug trafficking crime, in violation of 21 U.S.C. § 841(a)(1), 18 U.S.C. §§ 2, and 924(*o*). We dismiss.

Luna knowingly and voluntarily waived his right to appeal. *See United States v. Nunez,* 223 F.3d 956, 958–959 (9th Cir. 2000), *cert. denied,* —— U.S. ——, 122 S.Ct. 272, 151 L.Ed.2d 199 (2001) (noting statutory right to appeal may be waived if the defendant knowingly and voluntarily agrees to waiver in a plea agreement).

Luna's claim that his waiver was invalid fails. The district court complied with Fed.R.Crim.P. 11(c)(6) when it allowed the prosecutor to read the waiver clause in open court and followed up by confirming Luna's understanding of the agreement. *Cf. United Staes v. Portillo-Cano,* 192 F.3d 1246, 1251 n. 4 (9th Cir. 1999) (noting under Rule 11(c)(1), the prosecutor may explain the nature of the charges to the defendant instead of the judge). The district court's statements during the plea colloquy and at sentencing that Luna might be able to appeal under some circumstances to the extent he did not waive that right did not invalidate Luna's waiver. The court did not affirmatively inform Luna he could appeal and Luna could not have reasonably expected he retained that right. *See United States v. Schuman,* 127 F.3d 815, 817 (9th Cir.1997) (per curiam); *United States v. Martinez,* 143 F.3d 1266, 1272 (9th Cir.1998).

DISMISSED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.