**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Juan Ramon MARTINEZ,**
**Defendant–Appellant.**

No. 96–30214.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 3, 1998.

Decided May 12, 1998.

Thomas B. Dominick, Dominick Law Offices, Boise, Idaho, for defendant-appellant.

Alan Burrow, Assistant United States Attorney, Boise, Idaho, for plaintiff-appellee.

Before: ALARCON and HAWKINS, Circuit Judges, and BREWSTER, District Judge.[*]

BREWSTER, District Judge:

Defendant pled guilty to two counts in an indictment involving a drug trafficking conspiracy. He now appeals on two grounds: (1) ineffective assistance of counsel, and (2) improper application of the sentencing guidelines. We hold that the defendant has waived his right to appeal and affirm.

[*] The Honorable Rudi M. Brewster, District Judge for the Southern District of California, sitting by

## I. Background

Appellant, Juan Martinez, was charged with participating in an extensive drug trafficking conspiracy. Fernando Cervantes, a co-conspirator, was originally charged in the same indictment, but the charges against him were dropped when his post-arrest statements were suppressed. The government subsequently obtained independent evidence of Cervantes' participation in the conspiracy, and he was separately re-indicted.

In the interim, Martinez hired Keith Roark as his attorney. Roark was Cervantes' attorney when he was first indicted. When Cervantes was re-charged, the government moved to disqualify Roark. During a hearing, Roark stated that he no longer represented Cervantes, and if Cervantes were to testify against Martinez, he would withdraw. Martinez agreed to waive the conflict. After extensive colloquy to ensure that Martinez was properly advised, the district court denied the government's motion.

Martinez subsequently pled guilty to conspiracy to distribute a controlled substance and money laundering pursuant to a plea agreement. Martinez also agreed to cooperate with the government's prosecution of other conspirators. In exchange, the government agreed to file a U.S.S.G. § 5K1.1 motion for sentencing.

Martinez disclosed inculpatory information regarding a number of co-conspirators, including Cervantes. Just before he was to testify at Cervantes' trial, Martinez stated that Cervantes' affiliates in Mexico had threatened his mother. The government called Martinez to the stand, expecting that he would refuse to testify. Instead, Martinez attempted to exculpate Cervantes and perjured himself. The government declared the plea agreement breached and did not file a § 5K1.1 motion. Defendant received concurrent sentences of 300 months for the conspiracy and 240 months for money laundering.

Martinez appeals on two grounds. First, he claims that he received ineffective assistance of counsel because his attorney had a

designation.

conflict of interest. Second, he asserts that the district court erroneously sentenced him on the assumption that he was involved in a conspiracy to distribute D-methamphetamine, as opposed to L-methamphetamine, without making a specific finding that D-methamphetamine was involved. The government asserts that Martinez has waived his right to appeal. We find that Martinez validly waived his right to conflict-free counsel. As a result, Martinez is bound by the waiver of his right to appeal contained in his plea agreement, which he made on the advice of his attorney. We need not reach the merits of Martinez's appeal.

## II. Waiver of the right to conflict-free counsel

The government contends that Martinez waived his right to conflict-free counsel. Martinez argues that he did not effectively waive Roark's conflict. In the alternative, he maintains that, even if he did make such a waiver, the district court had a duty to disregard the waiver to protect his Sixth Amendment right to effective counsel.

### A. Effectiveness of waiver

■ A criminal defendant has a Sixth Amendment right to a conflict-free attorney. *See, e.g., United States v. Mett,* 65 F.3d 1531, 1534 (9th Cir.1995). Trial courts may allow an attorney to proceed despite a conflict "if the defendant makes a voluntary, knowing, and intelligent waiver." *Garcia v. Bunnell,* 33 F.3d 1193, 1195 (9th Cir.1994). Whether a defendant has made a valid waiver of his Sixth Amendment rights depends "upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." *Edwards v. Arizona,* 451 U.S. 477, 482, 101 S.Ct. 1880, 1883–84, 68 L.Ed.2d 378 (1981). In making such a determination, the court must "indulge every reasonable presumption against the waiver of fundamental rights." *United States v. Allen,* 831 F.2d 1487, 1498 (9th Cir.1987) (citation omitted).

■ In *Garcia v. Bunnell,* the Ninth Circuit held that a criminal defendant waived his attorney's conflict where the record showed a defendant who was well aware of his interests, his right to an unbiased counsel, his right to seek outside legal advice, and his right to discuss with the court any dissatisfaction with his appointed counsel.... [A]fter the court explicitly discussed with him the possible conflict, [he] was articulate and forthright in declaring his desire to proceed with [his attorney].

*Garcia,* 33 F.3d at 1197. Here, the district court informed Martinez that he was entitled to a conflict-free attorney, that he could receive outside legal advice about waiving the conflict, and that he could ask questions. Martinez stated that he wished to retain Roark despite the conflict. It appears that Martinez understood the court and was not coerced. We find that Martinez's waiver of his right to conflict-free counsel was valid and that it applied to all conflicts foreseeable at the time of the hearing, including the possibility that Martinez could be called to testify against Cervantes. A properly advised criminal defendant is not free to intelligently and knowingly make or approve of a tactical choice and then later abandon it when it seems convenient. Martinez waived Roark's conflict.

### B. The district court did not abuse its discretion in accepting Martinez's waiver

■ Martinez argues that the district court had a duty to disregard his waiver. It is true that, having previously represented Cervantes with regard to the same matter, Roark should not have represented Martinez. However, we do not find that the district court was obligated to override Martinez's waiver.

In *Wheat v. United States,* 486 U.S. 153, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988), the Supreme Court held that a criminal defendant's presumptive right to his counsel of choice may be overcome by the district court's independent interest in "ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." *Id.* at 160, 108 S.Ct. at 1698. The Court noted that the decision to override a criminal defendant's waiver of a conflict "must be left primarily to the informed judgment of the trial court." *Id.* at 164, 108 S.Ct. at 1700.

In the instant case, instead of contesting the district court's discretion to ignore a waiver, Martinez claims that the district court abused its discretion by not ignoring his waiver. Although we have not yet specified when a district court must override a defendant's waiver, the Second Circuit has held that an actual conflict that is "so egregious that no rational defendant would knowingly and voluntarily desire the attorney's representation" cannot be waived. *United States v. Lussier*, 71 F.3d 456, 461 (2d Cir. 1995). The relevant question in this case is whether Roark's conflict was so severe as to be non-waivable. Martinez argues that, once he was called to testify against Cervantes, Roark could not give him any advice at all, which should have compelled the court to ignore his waiver. We disagree.

 A defendant who claims a violation of his Sixth Amendment right to conflict-free counsel for the first time on appeal "must demonstrate that an actual conflict adversely affected his lawyer's performance." *United States v. Mett*, 65 F.3d 1531, 1534 (9th Cir. 1995) (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 348, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333 (1980)). The defendant is not required to show prejudice. *See Mett*, 65 F.3d at 1534. Here, Martinez has not shown that Roark's conflict affected his representation at all, adversely or otherwise. From the time of the conflict hearing to the time that Martinez gave false testimony against Cervantes, the district court apparently did not discern any adverse effect on Roark's representation due to his conflict of interest. Furthermore, we see no such effect in hindsight.

By contrast, in *Wheat*, the court ignored the defendant's waiver because of a serious danger that his Sixth Amendment rights would be violated. Here, Martinez has not shown that Roark's conflict had any impact on his representation at all, much less that it threatened to violate his Sixth Amendment rights. Therefore, we find that the district court did not abuse its discretion by declining to override Martinez's waiver.

### III. The plea agreement

 A defendant's waiver of the statutory right to appeal is reviewed de novo. *See United States v. Bolinger*, 940 F.2d 478, 479 (9th Cir.1991). Martinez claims that the waiver in his plea agreement is unenforceable. He also maintains that he may appeal a sentence imposed in violation of the sentencing guidelines regardless of the agreement. Finally, Martinez claims he may appeal because the trial court advised him that he could do so.

### A. Enforceability of waiver

 Paragraph II(B)(6) of the plea agreement states,

Defendant is aware that Title 18, United States Code, section 3742 affords a defendant the right to appeal the sentence imposed. Defendant is also aware that under certain circumstances a defendant has the right to collaterally challenge his sentence through a habeas petition such as a motion pursuant to Title 28, United States Code, section 2255. Acknowledging all this, Defendant knowingly waives the above-mentioned rights and agrees to file no motion, appeal or collateral attack (including but not limited to habeas petitions) regarding any aspect of his sentencing *if* the District Court sentences Defendant to 15 years or less pursuant to the USAO's recommendation. If the District Court does not sentence Defendant to 15 years or less pursuant to the USAO's recommendation, Defendant retains the right to file one direct appeal regarding the sentence imposed by the District Court.

Paragraph II(C)(1)(a) further provides,

If Defendant knowingly violates or fails to perform any of the terms of this agreement, the USAO may declare this agreement breached. In such event: (a) Any plea of guilty entered by Defendant pursuant to this agreement and any judgment and/or sentence based thereon shall remain in full force and effect and will not be the subject of legal challenge by Defendant notwithstanding the provisions of paragraph B 6 . . . .

 In other words, Martinez agreed that if he breached the agreement, he could challenge neither his plea nor his sentence. Generally, courts will enforce a defendant's waiver of his right to appeal if (1) the language of the waiver encompasses the defendant's right to appeal on the grounds claimed

on appeal, *see United States v. Baramdyka,* 95 F.3d 840, 843 (9th Cir.1996), *cert. denied* —— U.S. ——, 117 S.Ct. 1282, 137 L.Ed.2d 357 (1997), and (2) the waiver is "knowingly and voluntarily made," *United States v. DeSantiago–Martinez,* 38 F.3d 394, 395 (9th Cir.1992).

Here, Martinez's statutory appeal rights were explained in the agreement in paragraph B(6). The waiver that applied in the event of breach immunized Martinez's plea and sentence from "legal challenge by Defendant notwithstanding the provisions of paragraph B(6)." Therefore, Martinez's waiver of any "legal challenge" encompasses all appeals on all grounds except for a few narrow exceptions, none of which apply here.

When the plea agreement was entered, the court was informed that Martinez had thoroughly reviewed it with his attorney. An interpreter was present at the hearing. When asked if he wished to waive a line-by-line reading of the agreement, Martinez stated, "I already understand everything." We find that the "knowing and voluntary" requirement was satisfied. *DeSantiago–Martinez,* 38 F.3d at 395. The waiver of the right to appeal is enforceable if Martinez alone breached the plea agreement.

**B. Defendant's breach triggered his waiver**

The factual issue of whether a defendant has breached a plea agreement is reviewed for clear error. See *United States v. Roberts,* 5 F.3d 365, 370 (9th Cir.1993). Martinez's agreement required him to cooperate with the government by providing "complete and truthful information and/or testimony." The trial court found that Martinez did not testify truthfully at Cervantes' trial. The trial court did not clearly err in finding that Martinez breached his plea agreement.

Martinez contends that the government may not enforce his waiver if he breached the agreement. "Plea agreements are contractual in nature and are measured by contract law standards." *United States v. Keller,* 902 F.2d 1391, 1393 (9th Cir.1990). Martinez's waiver specifically applied if he alone breached the plea agreement. He cannot argue that his waiver was rendered unenforceable by the very event that activated it.

**C. No exceptions apply in this case**

**1. No exception for sentence in excess of plea agreement**

Martinez argues that the waivers in his plea agreement are ineffective because he received a sentence higher than that specified in his plea agreement. We have held that "a waiver of the right to appeal would not prevent an appeal where the sentence imposed is not in accordance with the negotiated agreement." *United States v. Navarro–Botello,* 912 F.2d 318, 321 (9th Cir.1990). Martinez argues that, because the plea agreement contemplated a maximum sentence of 15 years, a waiver in his plea agreement would not preclude his right to appeal because his sentence was 25 years.

This case is distinguishable. Under *Navarro–Botello,* a defendant who complies with the terms of a plea agreement reasonably expects to be sentenced within a certain range. If he does not receive such a sentence, he has not realized the benefit of his bargain and should, therefore, not be held to his waiver. Here, Martinez was only entitled to a 15–year sentence if he did not breach his plea agreement. Having breached, he is not entitled to the sentence specified in the plea agreement. Thus, *Navarro–Botello* does not allow him to avoid his waiver.

**2. No exception for misapplication of sentencing guidelines**

Martinez argues that he has a right under 18 U.S.C. § 3742(c) to appeal a sentence imposed as a result of an incorrect application of the sentencing guidelines regardless of any waiver he may have made. This argument is incorrect. When a plea agreement expressly waives a defendant's right to appeal a sentence, the waiver extends to an appeal based on an incorrect application of the sentencing guidelines. *See United States v. Schuman,* 127 F.3d 815, 817 (9th Cir.1997). To do otherwise would "render the waiver meaningless." *Id.* Here, Martinez waived all right to appeal his sentence regardless of an alleged misapplication of the sentencing guidelines.

### 3. No exception due to district court's oral assurance

Martinez argues that, because the district court assured him of his right to appeal, he may appeal notwithstanding his plea agreement. The district court made the following statement at the sentencing hearing:

> Mr. Martinez, I guess there is a legal issue as to whether or not you even have a right to appeal, but the Court does want to advise you that you have ten days in which to appeal the decision of the Court so far as the sentence is concerned. You do that by filing your notice of appeal with the Clerk of the Court in this building within ten days. Otherwise it is waived.

If a district judge states at sentencing that the defendant may appeal and the prosecution falls to object, the oral pronouncement controls over the plea agreement. *See United States v. Buchanan,* 59 F.3d 914, 918 (9th Cir.1995). However, when the judge informs a defendant that his right of appeal is in doubt, oral advice from the court as to how to initiate an appeal does not override the plea agreement. *See Schuman,* 127 F.3d at 817. In the instant case, the district court told Martinez that his right to appeal was doubtful. However, just in case, the court gave Martinez the deadline for filing an appeal. The judge was attempting to reconcile the *Buchanan* case with his duty under Fed.R.Crim.P. 32(c)(5). He was successful, and the quoted advice did not invalidate Martinez's waiver.

### IV. Conclusion

We find that Martinez waived his right to conflict-free counsel. Therefore, Martinez is bound by his waiver of the right to appeal in the event of a breach of his plea agreement. Neither of the substantive grounds for Martinez's appeal need be discussed. Appellant's Motion to Strike Excerpts of Record is denied as moot.

AFFIRMED.