**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jeffrey VINCENT, Defendant–**
**Appellant.**

**No. 99–10591.**
**D.C. No. CR–98–00763–DAE.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 12, 2001[1].

Decided Feb. 21, 2001.

---

1. *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before LEAVY, THOMAS and RAWLINSON, Circuit Judges.

## MEMORANDUM [2]

Jeffrey Vincent appeals his conviction and 212–month sentence imposed following his guilty plea to one count of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Vincent's counsel has filed a motion to withdraw as counsel of record and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that she cannot identify any nonfrivolous issues for review. Vincent has filed a supplemental pro se brief.

Counsel and Vincent have identified several issues, none of which provides an arguable basis for appeal:

We reject the contention that the district court lacked subject matter jurisdiction over his drug offense. *United States v. Tisor*, 96 F.3d 370, 373–75 (9th Cir.1996) (holding that the district court has broad subject matter jurisdiction over drug offenses).

■ Next, Vincent's contention that his conviction by guilty plea was not knowing and voluntary because the district court failed to inform him that he could be sentenced based on all relevant drug quantities is unpersuasive. Vincent's substantial rights were not affected because the record reflects that he knew he could be sentenced to a term as long as the one he received. *United States v. Alber*, 56 F.3d 1106, 1109–10 (9th Cir.1995).

■ Finally, as to Vincent's contention that his sentencing counsel rendered ineffective assistance, we conclude that the record is not sufficiently developed and that the representation was not so inadequate as to be obviously ineffective. *United States v. Robinson*, 967 F.2d 287, 290 (9th Cir.1992). The claim is not appropriate on direct appeal and we, therefore, dismiss the appeal as to this claim. *United States v. Simas*, 937 F.2d 459, 463 (9th Cir.1991).

■ Our independent review of the record, counsel's brief on appeal, and Vincent's pro se brief pursuant to *Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), disclose no further issues for review.[3]

Motion to withdraw GRANTED and judgment of conviction AFFIRMED.

---

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

3. Although Vincent raises various sentencing issues in his pro se brief, our review indicates that he has knowingly and voluntarily waived his right to appeal his sentence or the manner in which it was determined. Since Vincent was sentenced within the terms of the plea agreement, there are no issues for review with respect to his sentence and we also dismiss the appeal as to any such issues. *United States v. Martinez*, 143 F.3d 1266, 1270–72 (9th Cir.1998) (enforcing waiver of right to appeal where waiver is knowing and voluntary and sentence is in accordance with plea agreement). All pending motions are denied.