UNITED STATES of America,
Plaintiff–Appellee,

v.

Eron GAMARRA–BETANCOURT,
Defendant–Appellant.

No. 00–10312.

D.C. No. CR–99–00051–HDM/RAM.

United States Court of Appeals,
Ninth Circuit.

Submitted July 13, 2001.*

Decided Aug. 8, 2001.

Before CANBY, HAWKINS, and
GOULD, Circuit Judges.

### MEMORANDUM **

Gamarra–Betancourt's argument that his plea agreement preserves his right to appeal a misapplication of the Sentencing Guidelines fails in light of *United States v. Martinez*, 143 F.3d 1266, 1271 (9th Cir. 1998) (plea agreement that expressly waives right to appeal sentence extends to

---

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**560**

appeal based on incorrect sentencing guidelines application). Gamarra–Betancourt's plea agreement eliminates all of his rights to appeal his sentence except two— (1) whether an upward departure put his sentence "outside the applicable range established by the Sentencing Guidelines" and (2) "any determination by the Court that his Criminal History is higher than Category IV." The plea agreement specified the applicable range as forty-six to 125 months, depending on offense level and criminal history category.

Gamarra–Betancourt was sentenced to eighty months incarceration with no upward departures. Thus, he cannot appeal because there was no upward departure and his sentence was not outside the applicable range as specified. Gamarra–Betancourt waived all rights to appeal except under two grounds, neither of which applies here.

We also reject the argument that the district court orally modified the plea agreement during the plea colloquy. The district court's statement that, "you're also waiving the right to appeal in this case unless I decide that the criminal history category is higher than four, or I decide that I should depart upward," simply restated the terms of the plea agreement. Either decision by the district court would have opened a narrow ground for appeal as explained in the plea agreement—it would not have wholly eradicated the waiver.

AFFIRMED.

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

** The Honorable Robert H. Henry, United States Circuit Judge for the Tenth Circuit Court of Appeals, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.