**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Richard POCOCK, Defendant– Appellant.**

**No. 00–30255.**

**D.C. CR–00–045–HRH.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 9, 2001.

Decided Aug. 23, 2001.

Before SCHROEDER, Chief Judge, T.G. NELSON and SILVERMAN, Circuit Judges.

ORDER *

 Appellant Pocock first challenges the validity of the appeal waiver contained in his negotiated plea agreement as a prelude to appealing his sentence on the ground that the district court erroneously applied U.S.S.G. §§ 3B1.1(c) and 3B1.4 enhancements.

An appeal waiver contained in a plea agreement precludes an appeal on grounds encompassed by the waiver if the waiver is knowingly and voluntarily made. *See United States v. Martinez*, 143 F.3d 1266, 1271 (9th Cir.), *cert. denied*, 525 U.S. 911, 119 S.Ct. 254, 142 L.Ed.2d 209 (1998). Pocock argues that he did not knowingly waive the right to appeal his sentence because the language contained in his waiver was ambiguous. We disagree.

The plea agreement waiver provision read, "if the court accepts this plea agreement and imposes a sentence within its parameters, he will knowingly and voluntarily waive his right, contained in 18 U.S.C. § 3742, to appeal the sentence imposed." The plea agreement stated that the maximum statutory penalty for a violation of 18 U.S.C. § 922(g)(1), the charge in this case, is ten years imprisonment. Because Pocock received a sentence of sixty months, his sentence is well within the parameters of the plea agreement. We reject Pocock's argument that the estimated sentencing range contained in the plea agreement defined its parameters. The agreement made it abundantly clear that the estimate was *only* an estimate and not binding on the court.

Where a defendant waives his right to appeal the sentence imposed, the defendant is precluded from later challenging the sentence based on an incorrect application of the sentencing guidelines. *See Martinez*, 143 F.3d at 1271. Because Pocock knowingly and voluntarily waived the right to appeal his sentence, his appeal challenging the application of the sentencing guidelines is

DISMISSED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

