**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Mazen RASHWAN, Defendant—
Appellant.**

No. 01–10183.

D.C. No. CR–00–00209–KJD/LRL.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 27, 2001.*

Decided Jan. 18, 2002.

Before CHOY, SKOPIL and FARRIS,
Circuit Judges.

### MEMORANDUM **

Mazen Rashwan appeals his sentence imposed after he pleaded guilty to credit card fraud, 18 U.S.C. § 1029(a)(1); (c)(1)(A)(i), and conspiracy to commit credit card fraud, 18 U.S.C. § 371. We dismiss for lack of jurisdiction.

Rashwan argues that the district court erred by increasing his offense level based on a finding of obstruction of justice. We do not reach the merits of that argument because, as the Government contends, Rashwan's plea agreement waived his right to appeal his sentence except in limited circumstances. We will enforce such a waiver whenever "(1) the language of the waiver encompasses the defendant's right to appeal on the grounds claimed on appeal, and (2) the waiver is knowingly and voluntarily made." *United States v. Martinez,* 143 F.3d 1266, 1270–71 (9th Cir.

1998) (internal citation and quotation omitted).

Here, the sentence imposed does not violate any provision of the plea agreement or trigger any of the conditions that would permit appellate review. Moreover, Rashwan does not contend that his waiver was either unknowing or involuntary. *See United States v. Nunez,* 223 F.3d 956, 958–59 (9th Cir.2000) (noting that defendant waives the issue by not arguing on appeal). Accordingly, we lack jurisdiction to consider Rashwan's argument. *See United States v. Vences,* 169 F.3d 611, 613 (9th Cir.1999) (noting that effective waiver of appeal deprives appellate court of jurisdiction).

### APPEAL DISMISSED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.