**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ignacio CERVANTES–VAZQUEZ,**
**Defendant–Appellant.**

No. 01–30139.
D.C. No. CR–99–00348–AJB.

United States Court of Appeals,
Ninth Circuit.

Submitted May 13, 2002 *.

Decided May 28, 2002.

Before FERNANDEZ, THOMAS and WARDLAW, Circuit Judges.

MEMORANDUM **

Ignacio Cervantes–Vazquez appeals his 87–month sentence imposed following his guilty plea conviction for possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). We dismiss.

Cervantes–Vasquez contends that under Apprendi v. New Jersey, 530 U.S. 466, 120

erroneous standard when reviewing denial of acceptance of responsibility adjustment).

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

S.Ct. 2348, 147 L.Ed.2d 435 (2000), relevant conduct and specific offense characteristics used to enhance his sentence must be proven beyond a reasonable doubt. The government argues that Cervantes–Vasquez has waived his right to appeal. Based upon our de novo review, *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir.2000), *cert. denied*, —— U.S. ——, 122 S.Ct. 272, 151 L.Ed.2d 199 (2001), we agree with the government.

Cervantes–Vasquez argues that the waiver of his right to appeal is not enforceable because the exception language, for which he bargained, rendered the waiver ambiguous and confusing. This argument is without merit. An express waiver of the right to appeal is enforceable if it was knowingly and voluntarily made. *See United States v. Martinez*, 143 F.3d 1266, 1270–71 (9th Cir.1998). Because Cervantes–Vasquez acknowledged during the plea colloquy that he was knowingly and voluntarily waiving his right to appeal, and because the waiver language in his plea agreement is unambiguous, we lack jurisdiction over this appeal. *See Nunez*, 223 F.3d at 958–59; *See United States v. Vences*, 169 F.3d 611, 613 (9th Cir.1999).

DISMISSED.