**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Rickey Jay TRIPLETT, Defendant—Appellant.**

No. 01–30430.

D.C. No. CR–00–60142–AA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 9, 2002.

Decided Nov. 1, 2002.

Before BROWNING, FISHER, and RICHARD C. TALLMAN, Circuit Judges.

MEMORANDUM *

Because the plea agreement entered into by Mr. Triplett was sufficiently ambiguous to preclude a finding that he waived his right to appeal the calculation of his sentence, we have jurisdiction to hear Mr. Triplett's appeal. We affirm the district court's denial of a downward adjustment for "little or no deliberation."

I.

Under the terms of the plea agreement, Mr. Triplett waived his right to appeal "so long as the Court sentence[d] him within the applicable sentencing guideline range." By attaching this qualifier, the plea agreement did not unambiguously waive Mr.

of this circuit except as provided by Ninth Circuit Rule 36–3.

Triplett's right to appeal miscalculation of the applicable range. Mr. Triplett could have reasonably thought that he retained his right under the Sentencing Reform Act to appeal a sentence "imposed as a result of an incorrect application of the sentencing guidelines." 18 U.S.C. § 3742(a)(2). *See United States v. Keller,* 902 F.2d 1391, 1393 (9th Cir.1990) (looking to what the parties "reasonably understood to be the terms of the agreement") (citation and internal quotation omitted). *See generally United States v. Martinez,* 143 F.3d 1266, 1270–71 (9th Cir.1998) (enforcing a defendant's waiver of his right to appeal only if the language of the waiver encompasses the defendant's right to appeal on the grounds claimed on appeal and the waiver is knowing and voluntarily made), *quoted in United States v. Nunez,* 223 F.3d 956, 958 (9th Cir.2000).

## II.

The district court, however, did not err in rejecting Mr. Triplett's argument that he deserved a four-level reduction under United States Sentencing Guideline § 2A6.1(b)(4) because his offense involved a single incident evidencing "little or no deliberation." In denying the downward adjustment, the district court considered Triplett's decision to call someone other than the local police, knowing that the police might not take his call seriously due to his history of making false reports. It also considered his statements to the FBI that elaborated upon his initial false threat and continued the offense. This evidence is sufficient to justify the district court's finding that Mr. Triplett's offense did not involve "little or no deliberation."

AFFIRMED.