**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Michelle WING, Defendant—Appellant.**

**No. 02–30038.**

**D.C. No. CR–01–00037–DWM.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2002.

Decided Nov. 13, 2002.

Before TROTT, T.G. NELSON and THOMAS, Circuit Judges.

## MEMORANDUM *

Michelle Wing appeals a sentence of six months imprisonment imposed by the district court. We affirm. Because the parties are familiar with the facts and procedural history, we will not recount them here.

### I

The primary issue in this appeal is whether the government breached the plea

agreement at sentencing by recommending a six month sentence. We analyze whether the government violated the terms of the plea agreement de novo. *United States v. Anglin*, 215 F.3d 1064, 1067–68 (9th Cir.2000). To the extent that this depends on the district court's factual determinations, we review the district court's factual findings for clear error. *United States v. Martinez*, 143 F.3d 1266, 1271 (9th Cir.1998).

In this case, the government pledged to recommend "the minimum period of incarceration *within the guideline range as finally calculated by the Court at sentencing.*" (emphasis added). All parties agree that the appropriate sentencing range under the United States Sentencing Guidelines was six to twelve months of incarceration, which was the guideline range as finally calculated by the district court at sentencing. The government recommended a sentence of six months—the minimum sentence within the sentencing range. It is true, as Wing contends, that the Sentencing Guidelines allow a trial court to substitute supervised release for a portion of the sentence. However, the minimum period of incarceration obtained through application of supervised release is not equivalent to "the minimum period of incarceration *within the guideline range.*" (emphasis added). Thus, the district court did not err in concluding that the "*minimum period of incarceration*" as stated in the plea agreement referred to the guideline range, rather than sentencing options outside the guidelines range that might reduce the total period of incarceration.

### II

The district court did not consider constitutionally impermissible factors in this

case when it imposed a sentence of six months, rather than one month, of incarceration. Wing alleges that the sentence resulted from her assertion of her privilege against self-incrimination in refusing to reveal a charge filed against her for driving under the influence of alcohol or drugs. The district court did refer to Wing's "lack of candor" at the sentencing hearing, but referenced a number of examples, including her representation that she had custody over her son, her provision of inaccurate employment verification information, and her failure to disclose other employment related to the exchange of money. Thus, the record does not reflect that the district court relied on constitutionally impermissible factors in reaching its decision.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.