**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Dennis STEWART, aka Dennis**
**J. Stewart, Defendant–**
**Appellant.**

**No. 00–50760.**
**D.C. No. CR–00–00480–SVW–6.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 18, 2002.*

Decided Nov. 27, 2002.

Before REINHARDT, RYMER and SILVERMAN, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. 34(a)(2).

MEMORANDUM**

Dennis Stewart appeals his 121–month sentence imposed following his guilty-plea conviction for conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841, and conspiracy to import cocaine, in violation of 21 U.S.C. §§ 963 and 960. We lack jurisdiction and dismiss.

Stewart contends that his appeal waiver should not be enforced because the government breached the plea agreement by failing to file a motion pursuant to 18 U.S.C. § 3553(e) and because the government's decision not to file the § 3553(e) motion was arbitrary and based on gender discrimination.

The plain language of the plea agreement and testimony from the evidentiary hearing supports the district court's finding that there was no breach of the plea agreement. *See United States v. Johnson,* 187 F.3d 1129, 1134 (9th Cir.1999) ("Plea agreements are contracts, and the government is held to the literal terms of the agreement."); *see also United States v. Khoury,* 62 F.3d 1138, 1140 (9th Cir.1995) (stating that the government is entitled to negotiate a plea agreement in which a defendant is eligible for a downward departure motion without obligating itself to filing said motion in every instance in which a defendant cooperates).

Likewise, the record supports the district court's finding that the government's actions were neither arbitrary nor based on gender discrimination. *See United States v. Burrows,* 36 F.3d 875, 884 (9th Cir.1994) ("We review for clear error factual questions concerning the govern-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ment's motive and foundation for its refusal to request a departure.").

Because we find no breach of the plea agreement or unconstitutional motive, we enforce the appeal waiver and dismiss the appeal. *See United States v. Martinez,* 143 F.3d 1266, 1270–72 (9th Cir.1998).

**DISMISSED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.