**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Vicente DELGADO–LEON, aka Seal E, Defendant–Appellant.**

No. 99–50488.

D.C. No. CR–98–01005–GHK–4.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2003.*

Decided March 17, 2003.

Before CANBY, O'SCANNLAIN and T.G. NELSON, Circuit Judges.

MEMORANDUM**

Vicente Delgado–Leon appeals his conviction and 70–month sentence imposed following his guilty plea to one count of being an illegal alien found in the United States following deportation, pursuant to 8 U.S.C. § 1326, and one count of possession of false identification documents, in violation of 18 U.S.C. § 1028(a)(6). We dismiss for lack of jurisdiction.

Delgado–Leon contends the district court erred by imposing a 16–level enhancement based on its conclusion that his prior conviction qualified as an aggravated felony pursuant to United States Sentencing Guidelines § 2L1.2. The government argues that Delgado–Leon has waived his right to appeal. Based upon our de novo review, *United States v. Martinez*, 143 F.3d 1266, 1270 (9th Cir.1998), we agree with the government.

Delgado–Leon contends that the waiver of his right to appeal is not enforceable because the sentence imposed was illegal, and in violation of the plea agreement. Because an appeal waiver extends to a

sentencing court's incorrect application of the sentencing guidelines, Delgado–Leon's arguments are unavailing. *See Martinez*, 143 F.3d at 1271. Accordingly, we dismiss the appeal.[1]

**DISMISSED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. We decline to review Delgado–Leon's ineffective assistance of counsel claims on direct

appeal. *See United States v. Hanoum*, 33 F.3d 1128, 1131–32 (9th Cir.1994) (observing that ineffective assistance claim is more properly raised by collateral attack under 28 U.S.C. § 2255 because it cannot be advanced without development of facts outside the record).

