**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Loren DIGGS, Defendant—Appellant.**

No. 02–10367.

D.C. No. CR–01–20088–RMW.

United States Court of Appeals,
Ninth Circuit.

Submitted March 5, 2003.*

Decided May 30, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before CHOY, SNEED, and SKOPIL, Circuit Judges.

MEMORANDUM**

Loren Diggs appeals his 121–month sentence following his guilty plea to interference with commerce by robbery and aiding and abetting in violation of 18 U.S.C. § 1951 and 18 U.S.C. § 2. Because Diggs validly waived his right to appeal, we dismiss.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

## DISCUSSION

Diggs does not claim that his appellate waiver was invalid. He makes no argument that the waiver was not knowing or voluntary or that the district court violated Federal Rule of Criminal Procedure 11. He also does not claim that the Government breached the plea agreement. Rather, he acknowledges that he breached the plea agreement by committing new criminal conduct following the entry of his guilty plea. Thus, Diggs argues that he is entitled to relief from his waiver of appeal based upon his own breach.

Diggs' plea agreement expressly provides that if he fails "to comply with any promises I have made in this Agreement, then the government will be released from all of its promises, but I will not be released from my guilty plea." Because Diggs' plea was made pursuant to a detailed, written plea agreement, a common sense construction of this provision is that Diggs' breach meant that he would be held to all of the terms of his plea agreement, including his appellate waiver. To find otherwise would undermine the obvious intent of the agreement and effectively award Diggs for his misconduct. *See United States v. Martinez*, 143 F.3d 1266, 1270–71 (9th Cir.1998) (defendant's waiver of his right to appeal is enforceable if the defendant alone breached the plea agreement). The waiver is valid and enforceable.

**DISMISSED.**

