**Nathaniel E. TERRY, Petitioner,**

v.

**Joan PALMATEER, Superintendent, Respondent.**

No. 02–35964.

D.C. No. CV–00–00586–JPC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 8, 2003.

Decided Aug. 26, 2003.

Mark Bennett Weintraub, Esq., Federal Defender's Office, Eugene, OR, for Petitioner.

Timothy A. Sylwester, Esq., DOJ—Oregon Department of Justice, Salem, OR, for Respondent.

Before GOODWIN, HUG, and BERZON, Circuit Judges.

MEMORANDUM *

Oregon state prisoner, Nathaniel Terry, appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas petition, which challenged his conviction for aggravated

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

murder. We affirm the district court's dismissal because the state court's ruling was neither contrary to or an unreasonable application of clearly established Federal law. 28 U.S.C. § 2254(d).

Terry was charged with four counts of aggravated murder, four counts of kidnaping in the first degree, rape in the first degree, burglary in the first degree and sexual abuse in the first degree. In exchange for life imprisonment without the possibility of parole, he entered a guilty plea to one count of aggravated murder. The remaining counts were dismissed. One condition of the plea agreement was that Terry waived the right to seek any state or federal post-conviction relief or habeas corpus, and all rights of appeal. Terry contends that he was denied effective assistance of counsel and that his plea was involuntary.

Terry first argues that no deference should be given to the post-conviction court's findings because a credibility determination was made without hearing him testify. We disagree. In this case, Terry chose to submit an affidavit rather than testify in person. Therefore, it is likely that live testimony would have provided nothing additional for the court to consider. *See Williams v. Woodford*, 306 F.3d 665, 688–89 (9th Cir.2002) (explaining that even when credibility is at issue, if the evidence in the record fully presents relevant facts and live testimony would not alter the court's view of the record, no evidentiary hearing is required); *Watts v. United States*, 841 F.2d 275, 277 (9th Cir. 1988) (finding that the issue of credibility may sometimes "be conclusively decided on the basis of documentary testimony and evidence in the record."). Further, Terry has not presented "clear and convincing" evidence to rebut the state court's credibility determination. 28 U.S.C. § 2254(e)(1). Therefore, deference should be given to the state court's findings and conclusions.

Terry next argues that his plea and waiver of the right to seek post-conviction relief was involuntary because he did not fully understand the rights he was giving up and because the waiver resulted from ineffective assistance of counsel. A defendant's waiver of his right to appeal is generally enforceable. *United States v. Martinez*, 143 F.3d 1266, 1270–71 (9th Cir. 1998). Such a waiver is valid only if knowingly and voluntarily made. *Id.* at 1271.

Where a defendant enters a plea, the voluntariness of the plea is affected by whether the defendant received effective assistance of counsel. *See Hill v. Lockhart*, 474 U.S. 52, 56–57, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). To prevail, the defendant must show that counsel's performance was deficient and that he was prejudiced by the deficient performance. *Id.* at 57, 106 S.Ct. 366.

In this case, the post-conviction court determined that Terry's plea was knowing and voluntary. In making this determination, the state court found the record established Terry was aware of the rights he was giving up. The state court did not consider whether ineffectiveness of counsel undermined the voluntariness of Terry's plea agreement and waiver. However, because Terry is unable to demonstrate that his counsel's performance in connection with the plea agreement was deficient or that he was prejudiced by any such deficiency, we conclude that the state post-conviction court's decision was not contrary to or an unreasonable application of clearly established law. The state court's finding that Terry was well informed of his rights and voluntarily waived those rights with knowledge is entitled to deference. AFFIRMED.