**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Juan VALENCIA–TORRES, aka Juan Torres Valencia, Juan Torres Valcencia, Juan Torres, David Rosas–Valencia, Defendant—Appellant.**

No. 03–10316.

D.C. No. CR–02–00560–JAT.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2003.*

Decided Jan. 14, 2004.

Joseph Edward Koehler, AUS, USPX—Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

David M. Ochoa, Esq., Phoenix, AZ, for Defendant–Appellant.

Juan Valencia–Torres, Reg. No. 09161–359, pro se, Florence, AZ, Defendant–Appellant.

Before SKOPIL, FERGUSON, and BOOCHEVER, Circuit Judges.

MEMORANDUM **

Juan Valencia–Torres appeals his sentence after pleading guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326. He claims the district court erred by not departing downward for cultural assimilation. We dismiss for lack of jurisdiction.

DISCUSSION

Valencia–Torres agreed, as part of a negotiated plea agreement, to waive his right to appeal his sentence. Such waivers will be enforced if "knowingly and voluntarily made." *See United States v. Martinez*, 143 F.3d 1266, 1271 (9th Cir.1998). Valencia–Torres contends that his waiver was not voluntary based on statements he made at his plea hearing. We reject that contention. The record indicates that the district court carefully questioned Valencia–Torres to ensure that he understood his rights and that his waiver was both voluntary and informed. Accordingly, we lack jurisdiction to review Valencia–Torres's sentence. *See United States v.*

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*Vences,* 169 F.3d 611, 613 (9th Cir.1999) (noting that effective waiver of appeal deprives appellate court of jurisdiction). Moreover, we note that even if Valencia–Torres had not waived his right of appellate review, we lack jurisdiction to review the district court's discretionary decision not to depart downward. *See United States v. Tam,* 240 F.3d 797, 805 (9th Cir.2001).

DISMISSED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

