UNITED STATES of America,
Plaintiff—Appellee,

v.

Juan Carlos VALDOVINOS,
Defendant—Appellant.

No. 03–10373.

D.C. No. CR–01–00968–MHM–07.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 17, 2004.

Decided Feb. 24, 2004.

Kevin M. Rapp, Steven Paul Logan, Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

---

**222**

Daphne Budge, Budge & McAllister, LLC, Phoenix, AZ, for Defendant-Appellant.

Before FERNANDEZ, W. FLETCHER and TALLMAN, Circuit Judges.

## MEMORANDUM*

Juan Carlos Valdovinos appeals the sentence imposed following his guilty plea to conspiracy to possess a listed chemical, pseudoephedrine, in violation of 21 U.S.C. § 841(c)(2). Valdovinos contends that the district court erred by applying a base offense level of 36, based upon the quantity of drugs admittedly transported by Valdovinos, rather than capping the base offense level at 30 for persons whose role in the offense was minor pursuant to newly-revised U.S.S.G. § 2D1.1(a)(3).

We dismiss the appeal because Valdovinos waived his right to appeal in the plea agreement. The district court during the plea colloquy informed Valdovinos of, and determined that he understood, the terms of the waiver provision as required by Fed.R.Crim.P. 11(c)(6), and there is no indication that the waiver was made other than knowingly and voluntarily. *United States v. Nguyen,* 235 F.3d 1179, 1182 (9th Cir.2000) ("The sole test of a waiver's validity is whether it was made knowingly and voluntarily.").

Valdoninos' contention that a provision in the plea agreement in which Valdovinos acknowledged that his sentence would be determined according to the Sentencing Guidelines renders the waiver inapplicable to an appeal challenging the district court's application of the Sentencing Guidelines is without merit. *United States v. Martinez,*

143 F.3d 1266, 1271 (9th Cir.1998) ("If the waiver of an appeal right, despite its express terms, were read to permit challenges to the application of the sentencing guidelines, the waiver would be rendered meaningless and a nullity."). This appeal is

**DISMISSED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

