**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Antoine Leander RUNNER,**
**Defendant—Appellant.**

No. 02–10393.

United States Court of Appeals,
Ninth Circuit.

Submitted May 3, 2004.*

Decided May 5, 2004.

---

Chris A. Thomas, Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

Arthur E. Ross, Esq., Honolulu, HI, for Defendant–Appellant.

Before: FARRIS, NOONAN, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Appellant Antoine Leander Runner entered a guilty plea on February 8, 2001 for drug trafficking in violation of 21 U.S.C. § 841(a)(1) and was sentenced to 10 years in prison pursuant to the mandatory minimum outlined in 21 U.S.C. § 841(b)(1)(B) based on a prior felony drug offense conviction. Runner asks this court to vacate his sentence and remand for re-sentencing without the application of the mandatory minimum.

This court will enforce a defendant's waiver of his right to appeal if "(1) the language of the waiver encompasses the defendant's right to appeal on the grounds claimed on appeal, and (2) the waiver is knowingly and voluntarily made." *United States v. Martinez,* 143 F.3d 1266, 1270–71 (9th Cir.1998) (citations and internal quotation marks omitted). The plea agreement prohibited Runner from appealing a sentence within the guideline range "on any ground whatever[.]" This encompasses the current grounds claimed on appeal. The plea agreement signed by Runner expressly stated at ¶ 11 that he waived his right to appeal. During the Rule 11 colloquy, Runner confirmed that he had the opportunity to read and discuss the plea agreement with his lawyer, and understood the terms of the agreement. He was

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

informed twice during the colloquy that he was waiving his right to appeal. These facts are sufficient to establish that Runner's waiver was knowing and voluntary.

There was no breach of the plea agreement. The mandatory 10–year minimum was explicitly addressed both in the plea agreement and during the Rule 11 colloquy. The plea agreement vested the decision of whether to request a downward departure from the sentencing guidelines in the discretion of the prosecution. Since Runner waived his right to appeal in a valid plea agreement, he may not bring his claims before this court.

**AFFIRMED.**