UNITED STATES of America,
Plaintiff–Appellee,

v.

Steven Donald WARD, Defendant–Appellant.

No. 02–50362.

DC No. CR 99–0077 GLT.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 9, 2004.

Decided July 2, 2004.

Ronald L. Cheng, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, John D. Early, Esq., Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Kenneth A. Reed, Esq., Kenneth A. Reed Law Offices, Santa Ana, CA, for Defendant–Appellant.

Before: T.G. NELSON, TASHIMA, and FISHER, Circuit Judges.

## MEMORANDUM *

Steven Ward was convicted of conspiring with his son, John, to launder the proceeds of John's drug trafficking enterprise. At trial, Ward was represented by his son's former attorney Thomas Wright. The government moved to disqualify Wright on the ground that conflicts of interest would prevent Wright from effectively representing Ward, but Ward vigorously opposed the motion and offered to waive the conflicts. Ward now argues that the court violated his Sixth Amendment right to conflict-free counsel when it accepted his waiver.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[2]

Trial courts have substantial latitude when determining whether or not to accept

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir. R. 36–3.

1. In his briefs Ward also challenged the jury instruction for conspiracy to launder monetary instruments on the ground that it failed to require specific intent, but he abandoned that theory at oral argument.

2. Because the parties are familiar with the facts of this case, we do not recite them here except as necessary to aid in understanding this disposition.

a defendant's waiver of a conflict of interest.[3] *Wheat v. United States,* 486 U.S. 153, 164, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988) (noting that "[t]he evaluation of the facts and circumstances of each case ... must be left primarily to the informed judgment of the trial court"). Conflicts of interest between an attorney and client are waivable unless they are "so egregious that no rational defendant would knowingly and voluntarily desire the attorney's representation." *United States v. Martinez,* 143 F.3d 1266, 1270 (9th Cir.1998) (quoting *United States v. Lussier,* 71 F.3d 456, 461 (2d Cir.1995)). We review a district court's decision to accept a defendant's waiver of his right to conflict-free counsel for an abuse of discretion. *Id.*

■ We conclude that the court acted within its discretion when it held that the conflicts were waivable in this case. Ward may have had confidence in Wright's competence as a result of his prior representation of John. He may have also believed that evidence of Wright's alleged purchase of cocaine from John was not likely to arise at trial. Finally, given his familial relationship to John, Ward could have reasonably believed that his interests and John's were not likely to diverge. In sum, Ward could have rationally weighed the risk that the conflicts would prove harmful to him at trial and still chosen to retain Wright to represent him.

■ We also conclude that the conflicts were validly waived. Judge Taylor engaged in an extremely detailed, meticulous, and thorough colloquy with Ward prior to accepting his waiver. He described some of the potential harms that the conflicts could cause at trial and advised Ward that additional, unforeseen conflicts might arise. He gave Ward am-

ple time to think about the decision and recommended that he consult with an outside lawyer, which Ward did. He also reminded Ward that he was entitled to have an independent lawyer appointed free of charge and that he would not be penalized if he chose to accept one. At one point, he bluntly advised Ward to get a new lawyer. Ward emphatically declined the court's recommendation, and we are satisfied that he made that choice voluntarily, knowingly, and intelligently. *See Garcia v. Bunnell,* 33 F.3d 1193, 1197 (9th Cir.1994) (holding that a waiver of conflict-free counsel was valid where the defendant was "well aware of his interests, his right to an unbiased counsel, his right to seek outside legal advice, and his right to discuss with the court any dissatisfaction with his appointed counsel"); *Martinez,* 143 F.3d at 1268 (holding waiver of conflict-free counsel valid where the court engaged in an "extensive colloquy" with the defendant).

For the foregoing reasons, Ward's Sixth Amendment challenge is rejected, and the judgment of conviction is

AFFIRMED.

---

**3.** We assume *arguendo* for the purpose of resolving this case that the conflicts of interest would be grounds for reversal absent a valid waiver.