*571 MEMORANDUM *
Neat Allen Sawyer appeals the district court’s dismissal of his 28 U.S.C. § 2255 motion challenging his guilty plea to “honest services mad fraud” under 18 U.S.C. §§ 1341 and 1346. We affirm the dismissal of his § 2255 motion because Sawyer’s plea agreement prohibits him from filing such a motion attacking his conviction or sentence.
Sawyer, a former prosecutor, misused his position as former Chief Deputy Director of the California Office of Criminal Justice Planning by attempting to influence state officials and agencies to take official actions that would benefit a corporation in which Sawyer had a personal financial interest. Sawyer’s plea agreement included a waiver of his right to appeal his conviction and sentence, including a waiver of any post-conviction attack. During the plea colloquy, the district judge asked Sawyer whether he understood the plea, but did not describe the waiver in such precise terms. Sawyer answered in the affirmative. Ultimately, he was sentenced to six months in prison, six months of house arrest with electronic monitoring, and three years of supervised release.
Generally, courts will enforce a waiver of the right to appeal if “(1) the language of the waiver encompasses the defendant’s right to appeal on the grounds claimed on appeal, and (2) the waiver is knowingly and voluntarily made.” United States v. Nunez, 223 F.3d 956, 958 (9th Cir.2000) (quoting United States v. Martinez, 143 F.3d 1266, 1270-71 (9th Cir.1998)). Sawyer appears to concede, as he must, that his waiver was knowingly and voluntarily made. In an attempt to escape his plea agreement and its direct prohibition of his current § 2255 motion, Sawyer relies on United States v. Buchanan, 59 F.3d 914 (9th Cir.1995), to argue that the district judge’s statements during the plea colloquy limited his waiver and allow him to challenge his conviction. Buchanan, however, is inapposite. This is not a case where Sawyer “could have a reasonable expectation” that he could challenge his conviction, because nothing the district judge said at sentencing contradicted the terms of the written plea agreement. Buchanan, 59 F.3d at 917. Accordingly, we conclude that the language of waiver in Sawyer’s plea agreement is enforceable.
Sawyer further argues that the waiver should not be upheld on public policy grounds because he is “factually innocent.” See Bousley v. United States, 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). Sawyer points to no legal development directly on point for the proposition that the conduct to which he pled did not constitute a crime. United States v. Weyhrauch, 548 F.3d at 1247-48 (9th Cir.2008), specifically stating that “we need not define the outer limits of public honest services mail fraud,” does not change this conclusion. It is apparent that Sawyer’s habeas petition was not one of actual or factual innocence, but a legal challenge to what is sufficient in this circuit to constitute honest services mail fraud. Compare Bousley, 523 U.S. at 623-24, 118 S.Ct. 1604. Therefore, his waiver is not excepted, and his § 2255 motion fails.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.