**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10135 |
| Plaintiff - Appellee, | D.C. No. 1:08-cr-00212-OWW-3 |
| v. | |
| SUKHRAJ DHALIWAL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, Senior District Judge, Presiding

Argued and Submitted January 17, 2012
San Francisco, California

Before: McKEOWN, CLIFTON, and BYBEE, Circuit Judges.

Sukhraj Dhaliwal appeals his conviction and sentence for conspiracy to

distribute and to possess with intent to distribute cocaine, and attempted possession

with intent to distribute cocaine. We affirm.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

## I. Waiver of the Right to Conflict-Free Counsel

Dhaliwal argues that he did not waive his right to conflict-free counsel and appeals the district court's denial of his motion for a new trial. We agree with the district court's finding that any conflict arising from the attorney fee arrangement was waivable, and that Dhaliwal's waiver was voluntary, knowing, and intelligent.

The Sixth Amendment provides a criminal defendant with the right to conflict-free counsel. However, "[t]rial courts may allow an attorney to proceed despite a conflict if the defendant makes a voluntary, knowing, and intelligent waiver." *United States v. Martinez*, 143 F.3d 1266, 1269 (9th Cir. 1998) (internal quotation marks omitted). Trial courts are given "substantial latitude" in determining whether to accept a waiver of conflicts of interest. *Wheat v. United States*, 486 U.S. 153, 163 (1988). During a pre-trial hearing, the district court informed Dhaliwal of his right to conflict-free counsel, his right to seek independent counsel, and the possible consequences of maintaining his then-current representation, including the introduction of evidence regarding the attorney fee arrangement with a co-defendant. Dhaliwal indicated that he understood his rights as explained by both the court and his attorney, and voluntarily waived the potential conflict.

Attorney-client conflicts are waivable unless they are "'so egregious that no rational defendant would knowingly and voluntarily desire the attorney's representation.'" *Martinez*, 143 F.3d at 1270 (quoting *United States v. Lussier*, 71 F.3d 456, 461 (2d Cir. 1995)). The potential conflict of interest raised by the payment of Dhaliwal's attorney fees by his co-defendant was not so severe as to be unwaivable.

## II.    Ineffective Assistance of Counsel

We generally do not review challenges to the effectiveness of defense counsel on direct appeal. *See United States v. Alferahin*, 433 F.3d 1148, 1160 n.6 (9th Cir. 2006). The exceptions to this general practice are "(1) where the record on appeal is sufficiently developed to permit determination of the issue, or (2) where the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." *Id*. (internal quotation marks omitted). Although Dhaliwal raises multiple arguments regarding the lack of competency of his attorney during trial, his primary argument for ineffective assistance of counsel focuses on the absence of conflict-free representation. As noted, no actual, unwaivable conflict arose during trial. The district court held a post-trial hearing on Dhaliwal's motions for a new trial and acquittal, in which Dhaliwal's trial attorney testified regarding the potential conflict related to his fee arrangement. The record

3

is sufficiently developed on this limited ineffective assistance of counsel claim for us to conclude that Dhaliwal was not denied his Sixth Amendment rights based on an alleged attorney-client conflict.

To the extent that Dhaliwal's ineffective assistance of counsel claim is predicated not on conflicted representation, but on the adequacy of his attorney's conduct, the record before us is not sufficiently developed to permit determination on direct appeal.

## III. Admissibility of Evidence

The district court did not abuse its discretion in admitting the wire transfers into evidence, after properly balancing the probative value of the evidence against its prejudicial effect under Federal Rule of Evidence 403. *See, e.g.*, *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1098 (9th Cir. 2005).

The district court permitted the government to cross-examine Dhaliwal regarding his previous employment with a man convicted of cocaine trafficking. Dhaliwal asserts that this constitutes evidence of other crimes irrelevant to the crime charged and so proscribed by Federal Rule of Evidence 404(b). Even assuming that this line of questioning was improper, in light of the admissible evidence tying Dhaliwal to the conspiracy, there was no prejudice.

## IV.    Prosecutorial Misconduct

Dhaliwal argues that the government engaged in a pattern of insinuating facts not properly before the jury, pointing to its use of evidence concerning his border crossings, his prior employment, and the common use of a physical address with a co-defendant. The district court did not err in admitting any of these pieces of evidence separately, and we therefore find no prosecutorial misconduct exists on the ground that the prosecutor sought to enter the contested testimony and exhibits into evidence. While there is a general prohibition on proving a defendant's guilt by showing that he associates with "unsavory characters," it is acceptable to offer evidence showing the nature of the relationship between co-conspirators. *See, e.g.*, *United States v. Connors*, 825 F.2d 1384, 1390 (9th Cir. 1987). Further, to the extent that Dhaliwal alleges prosecutorial misconduct because the government asked *potentially* objectionable questions, this claim also fails. *See United States v. Nobari*, 574 F.3d 1065, 1079 (9th Cir. 2009).

Dhaliwal also argues that the district court abused its discretion by permitting the government attorney, over defense counsel's objections, to engage in "guilt by association" reasoning during her closing arguments. We conclude that the district court's repeated warnings to the jury that the statements of the lawyers were not evidence and should not be treated as such were sufficient to neutralize

any harm caused by the government's attempt to imply a connection between Dhaliwal's border crossings and his prior employment with a cocaine trafficker.

Dhaliwal's final argument of prosecutorial misconduct involves allegedly improper vouching for a cooperating co-conspirator by the government. This argument has no merit. On cross-examination, the defense sought to impeach the credibility of the witness. This impeachment extended to attacking the co-conspirator's credibility based on his incentive to reduce his sentence. The government's re-direct questions regarding the co-conspirator's truthfulness in his statements to the government were not improper vouching.

## V.     Sentencing Issues

Dhaliwal challenges the jury instructions on the ground that the jury was not specifically told that only the drug quantity that fell within the scope of Dhaliwal's agreement with the conspiracy, as opposed to the total amount of drugs attributed to the conspiracy, could be considered. Dhaliwal has failed to show plain error in the jury instructions or in the special verdict form. The jury instructions, which were given by the court without objection, stated that an individualized finding of the drug quantity attributable to Dhaliwal's involvement in the conspiracy was required. Further, the jury was given separate verdict forms for each defendant. The jury members were unlikely to have been misled as to the required findings

6

regarding the threshold drug quantity. Dhaliwal's other claims regarding the jury instructions and special verdict form have no merit.

Dhaliwal's final claim is that the district court erred in denying him safety-valve relief. This court's review of denial of safety valve relief is deferential. *United States v. Ferryman*, 444 F.3d 1183, 1186 (9th Cir. 2006). The district court found that Dhaliwal was ineligible for safety valve relief because he did not truthfully provide information to the government. A defendant bears the burden of proving "by a preponderance of the evidence that he is eligible for the reduction." *United States v. Shrestha*, 86 F.3d 935, 940 (9th Cir. 1996). The court found that Dhaliwal did not meet this burden because he testified that he had no knowledge that he was involved in a drug crime, which was directly contrary to findings of the jury. Based on this contradiction, the district court did not commit clear error in finding that he was ineligible for safety valve relief.

**AFFIRMED.**