**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

APR 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30090 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00133-SMJ-3 |
| v. | |
| CARLOS MANUEL FLEITAS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Salvador Mendoza, Jr., District Judge, Presiding

Submitted April 17, 2019[**]

Before:    McKEOWN, BYBEE, and OWENS, Circuit Judges.

Carlos Manuel Fleitas appeals from the district court's judgment and challenges the 30-month sentence imposed following his guilty-plea conviction for conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(a)(2), (b)(2).  We dismiss.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Fleitas argues that the district court erred by declining to order his sentence to run concurrently with a sentence imposed in the Southern District of Florida for a separate criminal conviction. The government contends that this appeal is barred by a valid appeal waiver. We review de novo whether a defendant has waived his right to appeal. *See United States v. Bibler*, 495 F.3d 621, 623 (9th Cir. 2007). Notwithstanding the fact that the plea agreement did not limit the district court's discretion to impose a fully consecutive sentence, Fleitas agreed without qualification to waive his right to appeal his sentence. Contrary to Fleitas's contention, the court's alleged misapplication of the Guidelines does not render his sentence unlawful such that the waiver is unenforceable. *See id.* at 624 (illegal sentence exception to enforceability of waiver applies if sentence exceeds statutory maximum or is unconstitutional); *see also United States v. Martinez*, 143 F.3d 1266, 1271 (9th Cir. 1998) ("When a plea agreement expressly waives a defendant's right to appeal a sentence, the waiver extends to an appeal based on an incorrect application of the sentencing guidelines."). Accordingly, we dismiss pursuant to the valid appeal waiver. *See United States v. Watson*, 582 F.3d 974, 988 (9th Cir. 2009).

**DISMISSED.**