· **UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Phillip SCHUMAN, Defendant–Appellant.**

No. 96–50528.

United States Court of Appeals,
Ninth Circuit.

Submitted July 14, 1997.*

Decided Sept. 24, 1997.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a); 9th Cir. R. 34–4.

David K. Demergian, Fitzmaurice & Demergian, San Diego, California, for defendant-appellant.

Cynthia Bashant, Assistant United States Attorney, San Diego, California, for plaintiff-appellee.

Before: HUG, Chief Judge, KOZINSKI, and LEAVY, Circuit Judges.

PER CURIAM.

Phillip Schuman appeals his 24–month sentence imposed following his guilty plea to one count of money laundering in violation of 18 U.S.C. § 1956(a)(2)(B)(ii). Schuman contends that the district court erred by ruling that the assertion of a coercion and duress defense precludes an adjustment for acceptance of responsibility. The government contends that Schuman waived his right to

appeal in his plea agreement. We have jurisdiction pursuant to 28 U.S.C. § 1291, and because we agree with the government, we dismiss the appeal.

Schuman contends that he did not waive his right to appeal because (1) the waiver did not specifically address his statutory right to appeal an incorrect application of the sentencing guidelines; (2) the district court specifically advised him that he could appeal; and (3) the government breached the plea agreement.

▉ We review de novo whether an appellant waived his statutory right to appeal, *see United States v. Bolinger,* 940 F.2d 478, 479 (9th Cir.1991); and whether the government violated the terms of the plea agreement, *see United States v. Myers,* 32 F.3d 411, 413 (9th Cir.1994).

### I. Express Waiver in Plea Agreement

▉ The plea agreement states that Schuman "waives, to the full extent of the law, any right to appeal or collaterally attack the conviction and sentence." The plea agreement then delineates exceptions to the waiver not applicable here. We reject Schuman's contention that the language of the plea agreement does not specifically contemplate the statutory right to appeal incorrect applications of the Sentencing Guidelines for it would render the waiver meaningless. *See United States v. Michlin,* 34 F.3d 896, 901 (9th Cir.1994).

### II. District Court's Advisement of Right to Appeal

▉ Schuman contends that he was entitled to rely on the district court's advisement during sentencing that Schuman has a right to appeal. This contention lacks merit.

In *United States v. Buchanan,* 59 F.3d 914, 918 (9th Cir.), *cert. denied,* — U.S. ——, 116 S.Ct. 430, 133 L.Ed.2d 345 (1995), we held:

> Given the district court judge's clear statements at sentencing [that the defendant had the right to appeal], the defendant's assertion of understanding, and the prosecution's failure to object, we hold that in these circumstances, the district court's

oral pronouncement controls and the plea agreement waiver is not enforceable.

Here, unlike Buchanan, the prosecutor promptly objected to the court's advisement of appellate rights as contrary to the plea agreement. In response, the judge stated that he would nonetheless advise Schuman of the right to appeal because he was not sure if Schuman had waived the right to appeal. Specifically the judge stated: "I don't know whether under these circumstances whether his right of appeal has been lost or not. I'm making a finding it's up to the Ninth Circuit.... It's up to the Ninth Circuit to decide whether under the circumstances he's lost his right of appeal."

Thus, whereas Buchanan "could have no reason but to believe that the court's advice on the right to appeal was correct," *id.,* Schuman was made aware by both the court and the prosecutor's objection that the waiver of his right to appeal could preclude an appeal. *See United States v. Littlefield,* 105 F.3d 527, 529 (9th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 2423, 138 L.Ed.2d 186 (1997) (Hall, J. concurring) (concluding defendant waived right to appeal sentence, in part because the prosecution objected to the advisement of appellate rights); *see, e.g., United States v. Zink,* 107 F.3d 716, 718 (9th Cir.1997) (citing with approval Hall, J. concurrence in *Littlefield*). We hold that the statements of the district court did not affect the waiver of the right to appeal contained in the plea agreement.

### III. Government Compliance with the Plea Agreement

Schuman's contention that the waiver in the plea agreement is not binding because the government breached its duty under the plea agreement also lacks merit. Specifically, Schuman contends that the government breached its agreement by (1) failing to bring a motion pursuant to U.S.S.G. § 5K1.1, for substantial assistance to the authorities; and (2) opposing the downward adjustment for acceptance of responsibility.

▉ "Plea agreements are contractual in nature and are measured by contract law standards." *United States v. Keller,* 902

F.2d 1391, 1393 (9th Cir.1990). The government is held "to the literal terms of the agreement." *United States v. Baker*, 25 F.3d 1452, 1458 (9th Cir.1994) (citations omitted).

■ Here, the government's failure to move under section 5K1.1 was not a breach of the plea agreement because it contained no such agreement. The plea agreement specifically provides that it embodies the entire agreement between the parties, written and oral, and that any modification must be in writing.

■ Similarly, Schuman's contention that the government breached the plea agreement by opposing the downward adjustment for acceptance of responsibility lacks merit. The plea agreement states that the government will not recommend an adjustment for acceptance of responsibility if, inter alia, Schuman attempts to withdraw the plea. Because Schuman indeed attempted to withdraw his plea, the government was free to oppose or not recommend the adjustment for acceptance of responsibility. *See Baker*, 25 F.3d at 1458.

Because Schuman waived his right to appeal in the plea agreement, we do not reach the merits of his claim.

**DISMISSED.**

KOZINSKI, Circuit Judge, concurring.

The casual reader of our opinion might wonder what in the world caused a careful and experienced district judge to advise a defendant who had waived his right to appeal that he might nevertheless have a right to appeal. The judge found himself trapped between two lines of authority. On the one

hand, our caselaw provides that a defendant waiving his right to appeal may still be entitled to appeal under certain circumstances.* Since the defendant thus still has *some* appeal rights, he must be advised of those rights by the judge. *See* Fed.R.Crim.P. 32(c)(5).

On the other hand, we have held that where the judge advises the defendant, without qualification, that he has a right to appeal, he will be deemed to have such a right even though he gave it up in the plea bargain. *See United States v. Buchanan*, 59 F.3d 914, 917–18 (9th Cir.1995).

The district judge struggled to extricate himself from this glue trap by telling Schuman that he had whatever rights to appeal we say he has. While this was a laudable effort, a better formulation might be to advise the defendant that he had waived most of his appeal rights, but that he nevertheless retained a right to appeal under certain very limited circumstances. The judge need not explain those circumstances to the defendant; he need only assure himself that the defendant and his lawyer have discussed them.

If the district judge incorrectly advises the defendant that he has an unqualified right to appeal, even though he waived it in his plea agreement, the Assistant United States Attorney should object and point out the waiver. If the district judge refuses to accept the waiver and so advise the defendant, *see, e.g., United States v. Littlefield*, 105 F.3d 527, 529 (9th Cir.1997) (Hall, J. concurring), the United States would then be entitled to withdraw from the plea agreement, because the terms would no longer be those to which it agreed. *See United States v. Mukai*, 26 F.3d 953, 956 (9th Cir.1994) ("[I]f the court later finds the

---

* *See, e.g., United States v. Littlefield*, 105 F.3d 527, 528 (9th Cir.), *cert. denied*, —— U.S. ——, 117 S.Ct. 2423, 138 L.Ed.2d 186 (1997) (waiving right to appeal does not preclude an appeal if the sentence violates the law or is based on "an incorrect application of the sentencing guidelines" pursuant to 18 U.S.C. § 3742); *United States v. Navarro–Botello*, 912 F.2d 318, 321 (9th Cir.1990) (waiving right to appeal would not prevent an appeal where the sentence imposed is not in accordance with the negotiated agreement); *United States v. Jacobson*, 15 F.3d 19, 23 (2nd Cir.1994) (waiving right to appeal sentence did not bar appeal of sentence on due process

ground that disparity of sentences among codefendants was based entirely on naturalized status); *United States v. Marin*, 961 F.2d 493, 496 (4th cir.1992) (waiving right to appeal does not permit being sentenced entirely at the whim of the district court and would not encompass a sentence in excess of maximum statutory penalty or one based on a constitutionally impermissible factor such as race); *United States v. Rutan*, 956 F.2d 827, 829–30 (8th Cir.1992) (noting that despite an appeal waiver, a defendant can still appeal a sentence not in accordance with the negotiated agreement, and can challenge an illegal sentence under 28 U.S.C. § 2255).

disposition in the plea agreement objectionable it 'should not reduce the sentence unilaterally in such cases, but rather should withdraw its acceptance of the plea agreement and permit the parties to renegotiate a more appropriate sentence or opt for trial.' ") (citing *United States v. Semler,* 883 F.2d 832, 835 (9th Cir.1989)).