131 F.3d 149
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Larry John KELLY, Defendant-Appellant.
 No. 97-30141.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1997**
Decided Nov. 21, 1997.
 
 Appeal from the United States District Court for the District of Oregon, D.C. No. CR-95-00456-HA, Ancer L. Haggerty, District Judge, Presiding.
 Before HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Larry John Kelly appeals his 235-month sentence imposed following his guilty plea to two counts of armed bank robbery and one count of unarmed bank robbery. We dismiss this appeal because Kelly waived his right to appeal in the plea agreement.
 
 
 3
 Kelly contends that he was entitled to rely on the district court's statement during the sentencing hearing that he may file an appeal regarding his career offender status. We disagree. The prosecutor immediately objected to the district court's statement as contrary to the plea agreement, and the district court alerted Kelly that the plea agreement waiver could preclude an appeal. Under these circumstances, Kelly's waiver is enforceable and we dismiss the appeal. See United States v. Schuman, 1997 WL 587102 at * 2 (9th Cir. Sep. 24, 1997) (plea agreement waiver enforceable despite the district court's oral advisement of the right to appeal where the defendant "was made aware by both the court and the prosecutor's objection that the waiver of his right to appeal could preclude an appeal.")
 
 
 4
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of his circuit except as provided by 9th Cir. R. 36-3