142 F.3d 446
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Hector BELTRAN, Defendant-Appellant.
 No. 97-50025.
D.C. No. CR-92-00024-AHS.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1998.**
Decided April 29, 1998.
 
 Appeal from the United States District Court for the Central District of California, Alicemarie H. Stotler, District Judge, Presiding.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Hector Beltran appeals his sentence imposed after his guilty plea to distribution of heroin, in violation of 21 U.S.C. § 841(a)(1). Beltran contends that the waiver of his right to appeal should not be enforced and that the district court erred in denying him a sentence reduction under the so called "safety valve" provision of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. Beltran further contends that the government failed to move or recommend a sentence reduction under the "safety valve" provision, resulting in a breach of the plea agreement that nullifies Beltran's appeal waiver. We dismiss the appeal.
 
 
 3
 In his plea agreement, Beltran waived his "right to appeal any sentence imposed by the [district c]ourt and the manner in which the sentence is determined so long as [the] sentence is within the statutory maximum." Beltran contends that this waiver should be set aside because the district court's decision not to depart downward under the "safety valve" provision amounted to an "erroneous and illegal sentence." See United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir.1996) (listing exceptions to appeal waivers), cert. denied, --- U.S. ----, 117 S.Ct. 1282, 137 L.Ed.2d 357 (1997). Beltran's contention lacks merit; even if his sentence was the result of an incorrect application of the guidelines, it was within the statutory maximum and thus within the terms of Beltran's waiver. See id. at 843-44; see also United States v. Schuman, 127 F.3d 815, 818 (9th Cir.1997) (per curiam) (waiver of right to appeal sentence would be meaningless if it did not contemplate waiver of right to appeal incorrect application of guidelines).
 
 
 4
 The plea agreement between Beltran and the government contained no language about the "safety valve" provision or its applicability to Beltran. The plea agreement, however, contained a clause that stated "[e]xcept as expressly set forth herein, there are no additional promises, understandings, or agreements between [the parties] concerning ... the sentence that might be imposed as a result of your guilty plea ... [n]or may any additional agreement, understanding or condition be entered into unless in writing and signed by all parties." The government's failure to move or recommend a sentence reduction for Beltran under the "safety valve" provision "was not a breach of the plea agreement because it contained no such agreement." Id. at 818 (holding that the government did not breach a plea agreement where the agreement "specifically provide[d] that it embodie[d] the entire agreement between the parties, written and oral, and that any modification must be in writing.").
 
 
 5
 DISMISSED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir.R. 36-3