145 F.3d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Bill GAEDE, Defendant-Appellant.
 No. 97-16769.
D.C. Nos. CV-97-20159-RMW CR-95-20118-RMW.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1998**.
Decided May 19, 1998.
 
 Appeal from the United States District Court for the Northern District of California Ronald M. Whyte, District Judge, Presiding.
 Before SCHROEDER, TROTT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Bill Gaede appeals pro se the district court's denial of his 28 U .S.C. § 2255 motion challenging his conviction by guilty plea for mail fraud and interstate transportation of stolen property. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, see United States v. Span, 75 F.3d 1383, 1386 (9th Cir.1996), and affirm.
 
 
 3
 Gaede contends that the district court erred in finding that Gaede expressly waived his right to collaterally attack his conviction in his plea agreement because the government breached the plea agreement by failing to prevent deportation. Specifically, he contends that the United States Attorney promised that Gaede would not be deported, but the INS still attempted to deport him.[1] This contention lacks merit.
 
 
 4
 We review de novo whether the government violated the terms of the plea agreement. See United States v. Schuman, 127 F.3d 815, 816 (9th Cir.1997)(per curiam). The plea agreement is measured by contract law standards and the government is held to the literal terms of the plea agreement. See id.
 
 
 5
 Here, the terms of the plea agreement provide that the government promises to recommend to the Immigration and Naturalization Service ("INS") that no action be taken against Gaede's immigration status. At sentencing the district court emphasized that the INS could decide to do something different. The government fulfilled its promise when it sent two letters to the INS requesting that they take no action against Gaede's immigration status as a result of the conviction. Because the government did not breach the plea agreement, the district court properly found that Gaede waived his right to collaterally attack his conviction. See id.[2]
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Gaede also contends that the district court violated Fed.R.Civ.P. 11 when it accepted his guilty plea. Because Gaede was aware before sentencing that although the government was requesting that the INS take no action against Gaede's immigration status, the INS could decide to do something different and deport him, and he was given the opportunity to withdraw his plea, he fails to show prejudice. See United States v. Grewell, 825 F.2d 220, 222 (9th Cir.1987)
 
 
 [2]
 To the extent that Gaede claims there was a breach of the plea agreement because the government was required to return property to him, because the terms of the plea agreement do not require the government to return property to Gaede, the government did not breach the plea agreement. See Schuman, 127 F.3d at 816