145 F.3d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Phillip LEVINE, Defendant-Appellant.
 No. 97-10322.
D.C. No. CR-96-00267-LDG.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 15, 1998.**
Decided May 26, 1998.
 
 Appeal from the United States District Court for the District of Nevada Lloyd D. George, District Judge, Presiding.
 Before CHOY, SNEED, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 Introduction
 
 2
 Defendant-Appellant Phillip Levine ("Levine") appeals the 57-month sentence imposed following his guilty plea to wire fraud and aiding and abetting in violation of 18 U.S.C. §§ 1343 and 2.
 
 
 3
 We AFFIRM.
 
 Analysis
 
 4
 The Government argues that Levine waived his right to appeal. Although the written plea agreement contained an express waiver provision, the district court orally advised Levine at the sentencing hearing of the following: "The defendant and counsel know that you have an opportunity to appeal this sentence ... I understand what the memo provides for, but I think there may be an obligation to advise him."
 
 
 5
 The parties disagree over the message conveyed by this advisement. But any ambiguity concerning Levine's waiver of appeal cast by the district court's instruction should have been challenged by the Government. See U.S. v. Schuman, 127 F.3d 815, 817 (9th Cir.1997). In light of the district court's oral advisement that Levine had an opportunity to appeal and the Government's failure to object, the waiver in the plea agreement does not bar Levine's appeal. See U.S. v. Buchanan, 59 F.3d 914, 917-18 (9th Cir.1995).
 
 
 6
 Levine contends that the district court failed to realize that it had the authority, based upon his medical condition, to depart downward from the sentencing guidelines pursuant to U.S.S.G. § 5H1.4. However, the record shows that the district court explicitly considered Levine's medical condition. In rejecting downward departure, the district court was merely exercising its discretion. The district court was not operating under the mistaken belief that it lacked the authority to depart. Therefore, we decline to review the district court's refusal to depart downward. See U.S. Calozza, 125 F.3d 687, 693 (9th Cir.1997); U.S. v. Beldon, 957 F.2d 671, 676 (9th Cir.1992).
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3