**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Edgar MARTINEZ–ACOSTA,**
**Defendant–Appellant.**

**No. 00–10045.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 8, 2001[1].

Decided Jan. 24, 2001.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before BEEZER, O'SCANNLAIN and KLEINFELD, Circuit Judges.

## MEMORANDUM[2]

Edgar Martinez–Acosta appeals his 77–month sentence imposed following a guilty plea conviction to one count of unlawful re-entry by a deported alien, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and dismiss in part.

Martinez–Acosta contends that the fact of a prior felony conviction, which he did not admit at his plea, is an element of the offense under 8 U.S.C. § 1326(b)(2) and must be proved beyond a reasonable doubt under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We are affirming because Martinez–Acosta's contention is foreclosed by our decision in *United States v. Pacheco–Zepeda,* 234 F.3d 411 (9th Cir.2000) (con-cluding that *Apprendi* preserves the rule in *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), that prior convictions are sentencing factors and not elements of 8 U.S.C. § 1326).

Martinez–Acosta further contends that the district court erred: (1) in determining that he suffered no "lost opportunity" to serve his federal sentence concurrently with a prior state sentence due to the government's alleged one-year delay in prosecuting him for the instant offense, and (2) in failing to impose a concurrent sentence pursuant to U.S.S.G. § 5G1.3(b). Martinez–Acosta's waiver of appeal forecloses these contentions. Because the record here indicates that (1) Martinez–Acosta's waiver is knowing and voluntary; (2) these contentions do not fall within any of the limited exceptions to the waiver; and (3) his sentence was otherwise imposed in accordance with the negotiated plea agreement, his waiver is enforceable, *see United States v. Bolinger,* 940 F.2d 478, 480 (9th Cir.1991), and the appeal of this issue is therefore dismissed.[3]

AFFIRMED in part and DISMISSED in part.

---

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

3. To the extent that Martinez–Acosta contends that the government breached the plea agreement because the government argued against his request for a concurrent sentence at sentencing, this contention fails because neither the plea agreement nor the record supports this argument. *See United States v. Schuman,* 127 F.3d 815, 818 (9th Cir.1997) (concluding that waiver of appeal is enforceable where plea agreement is not breached).