**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Paul CHEN, aka Bi–Yang Paul Chen, Defendant—Appellant.**

No. 01–10748.

D.C. No. CR–00–20100–JW–02.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2002.*

Decided Oct. 18, 2002.

Before KOZINSKI and KLEINFELD, Circuit Judges, and BEISTLINE,** District Judge.

### MEMORANDUM***

Chen's plea agreement provided: "I agree to give up my right to appeal my convictions, the judgment, and orders of the Court. *I also agree to waive any right I may have to appeal my sentence.*" Chen entered a guilty plea and acknowledged, on the record, that he was giving up his "right to appeal or to file another case challenging any aspect of the case against [him] except for a claim that [his] constitutional right to effective assistance of counsel [had] been violated." This waiver deprives us of jurisdiction to hear Chen's

appeal. *United States v. Vences,* 169 F.3d 611, 613 (9th Cir.1999).

Chen argues the plea agreement was breached because the pre-sentence report did not follow it. But the plea agreement only limited the *prosecutor's* discretion; it did not limit the probation officer in recommending a sentence or the court in the sentence that it would ultimately impose. Consequently, we find that the Government did not breach the plea agreement. *United States v. Schuman,* 127 F.3d 815, 818 (9th Cir.1997) (per curiam) (holding that the Government is held to the literal terms—and only those terms—of the agreement).

**DISMISSED.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.