**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Carlos HERRERA–PAZ, Defendant—Appellant.**

**No. 02–10219.**

**D.C. No. CR–01–20105–RMW.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2003.*

Decided Jan. 15, 2003.

Before BEEZER, KLEINFELD, and PAEZ, Circuit Judges.

MEMORANDUM **

Carlos Herrera–Paz appeals the 188–month sentence imposed following his guilty plea to one count of conspiracy to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. We review de novo whether an appellant waived his right to an appeal. *United States v. Schuman,* 127 F.3d 815, 817 (9th Cir.1997) (per curiam). Because Herrera–Paz's waiver of the right to appeal his sentence is valid, we dismiss for lack of jurisdiction. *See United States v. Vences,* 169 F.3d 611, 613 (9th Cir.1999).

Herrera–Paz's plea agreement states "I agree to give up my right to appeal my conviction, the judgment, and orders of the court. I also agree to waive any right I may have to appeal my sentence." Additionally, Herrera–Paz answered affirmatively when the court asked him whether he understood that he was waiving his right to appeal his sentence, and whether he understood that there was no guarantee that the government would file a motion for downward departure based on Herrera–Paz's substantial assistance to law enforcement. This colloquy demonstrates a knowing and voluntary waiver. *See United States v. Anglin,* 215 F.3d 1064, 1067 (9th Cir.2000).

Herrera–Paz contends that he is entitled to rely on the district court's advisement during sentencing that he has a right to appeal. However, the record indicates that while the court advised Herrera–Paz that he may have some appeal rights, it also informed Herrera–Paz of the government's position that Herrera–Paz had waived appeal rights, and cautioned that the court was not advising that the government was wrong in that regard. Because the court informed Herrera–Paz during both the plea and sentencing hearings that the waiver of his right to appeal could

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

preclude an appeal, other statements the court made during the sentencing hearing did not affect the waiver of the right to appeal contained in the plea agreement, and we therefore do not reach the merits of this claim. *See Schuman*, 127 F.3d at 817–18.

**APPEAL DISMISSED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.