UNITED STATES of America,
Plaintiff—Appellee,

v.

Victor Manuel LOPEZ–ALVAREZ,
Defendant—Appellant.

No. 02–10034.

D.C. No. CR–01–00530–EHC.

United States Court of Appeals,
Ninth Circuit.

Submitted March 5, 2003.*

Decided May 8, 2003.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before CHOY, SNEED, and SKOPIL,
Circuit Judges.

## MEMORANDUM**

Victor Manuel Lopez–Alvarez ("Lopez") appeals his twenty-seven month sentence following his guilty plea to being an alien in possession of a firearm in violation of 18 U.S.C. § 922(g)(5). Lopez argues that the Government breached its plea agreement when it failed to make a good faith assessment of whether a substantial assistance motion pursuant to U.S.S.G. § 5K1.1 was merited at the time of sentencing. Because Lopez validly waived his right to appeal his conviction and sentence, we dismiss.

## DISCUSSION

The record shows that Lopez waived his right to appeal all matters so long as the district court imposed a sentence consistent with the plea agreement. Lopez does not claim that this appellate waiver was invalid; he makes no argument that the waiver was not knowing or voluntary or that the district court violated Fed. R.Crim.P. 11. Lopez also concedes that there is nothing in the plea agreement that bound the Government to file a substantial assistance motion. Further, there is no dispute that Lopez did not claim that the Government breached the plea agreement at the time of sentencing.

Lopez' argument is a narrow one: whether the Government owed him a duty to make a good faith determination as to whether a substantial assistance motion

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

was merited. He relies upon an August 8, 2001 letter that he received from the Government regarding an "off-the-record" proffer. The letter itself contains no promises by the Government at all and, in fact, includes a provision specifically informing Lopez that the Government was making no promises or assurances: "[I]t is also understood in this regard that your client is *not* entitled at this juncture to any specific consideration regarding possible charges against him just because she (sic) will have given the prosecution such a statement. Any consideration, if any at all, will be unilaterally determined by me only *after* the statement is made."

We conclude there is nothing in the record to support Lopez' claim that the Government was under any obligation to make a good faith assessment of his cooperation. Thus, any such failure by the Government could not be considered a breach of the plea agreement. *See United States v. Schuman,* 127 F.3d 815, 817–18 (9th Cir.1997) (no breach where plea agreement did not obligate Government to file substantial assistance motion). Our recent decision in *United States v. Quach,* 302 F.3d 1096 (9th Cir.2002), does not compel a contrary conclusion. There, the plea agreement included a provision that obligated the Government to move for a substantial assistance departure if the defendant cooperated. Here, there is no such provision. In the absence of a breach by the Government or the district court's rejection of a provision within the plea agreement, the appellate waiver must be enforced.

**DISMISSED.**