**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Marcelino CEJA–ROMERO, aka Juan
Lemus Covarruvias, Defendant–
Appellant.**

**No. 02–10669.**

**D.C. No. CR–02–00521–SRB.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 8, 2003.*

Decided Sept. 15, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ondre Jackson Williams, USPX–Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Marcelino Ceja–Romero, pro se, Florence, AZ, David Taylor Shannon, AFPD, FPDAZ–Federal Public Defender's Office, Tucson, AZ, for Defendant–Appellant.

Before PREGERSON, THOMAS and PAEZ, Circuit Judges.

### MEMORANDUM**

Marcelino Ceja–Romero, an alien convicted by guilty plea of illegally reentering the United States pursuant to 8 U.S.C. § 1326, appeals his fifty-one month sentence. We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand for resentencing.

■ As an initial matter, the government contends this appeals is barred by the written appeal waiver in Ceja–Romero's plea agreement. We disagree. The district court unequivocally stated that the appeal was barred "so long as [Ceja–Romero was] sentenced in accordance with

---

the sentencing guidelines." The district court's clear statement therefore controls over the provisions of the appeal waiver. *See United States v. Buchanan,* 59 F.3d 914, 917–18 (9th Cir.1995). Our decision in *United States v. Schuman,* 127 F.3d 815, 817 (9th Cir.1997) (per curiam), does not compel a contrary result, because in that case the district court made an unqualified statement as to the defendant's right to appeal, the prosecution objected and the court subsequently expressed uncertainty as to appellate rights.

 Ceja–Romero contends that his prior Washington state conviction for assault with a deadly weapon is not categorically a crime of violence for the purpose of a sentence enhancement under U.S.S.G. § 2L1.2(b)(1)(A). We agree. Washington has recognized the type of common-law assault that involves "an unlawful touching with criminal intent." *State v. Frohs,* 83 Wash.App. 803, 813, 924 P.2d 384 (1996). A deadly weapon is one that, under the circumstances in which used, is capable of causing death or substantial bodily harm. *State v. Shilling,* 77 Wash.App. 166, 171, 889 P.2d 948 (1995) (holding that bar glass was deadly weapon); *State v. Barragan,* 102 Wash.App. 754, 761–62, 9 P.3d 942 (2000) (holding that pencil was deadly weapon). Second degree assault is not a specific intent crime. *State v. Albutt,* 99 Wash. 253, 259, 169 P. 584 (1917). The Washington statute facially allows for a conviction where an actor with general criminal intent unintentionally touches another with an object that may be deadly under the circumstances—even if the force used is not necessarily violent in nature, as required by federal sentencing law. *See Ye v. INS,* 214 F.3d 1128, 1133–34 (9th Cir.2000). Accordingly, the government has failed to meet its burden to show that the statute of Ceja–Romero's prior conviction is facially a crime of violence. The record does not include enough information to conduct a modified categorical analysis. *See United States v. Pimentel–Flores,* 339 F.3d 959, 968 (9th Cir.2003) (holding that the district court committed plain error in relying solely on the factual description in the presentence report).

The government contends that Ceja–Romero's prior conviction for possession of controlled substances with intent to deliver nevertheless supports the 16–level enhancement because it is a drug trafficking offense under U.S.S.G. § 2L1.2(b)(1)(A). The presentence report conflicts with the prior judgment order, however, which stated the offense as simple possession and cited the statute of conviction accordingly. This record does not include judicially-noticeable documents that allow a conclusion that Ceja–Romero pled guilty to the elements of a qualifying offense on either theory advanced by the government. We therefore reverse and remand for resentencing.

**REVERSED and REMANDED.**