**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Nakuru MCALLISTER, Defendant–
Appellant.**

No. 03–10506.

United States Court of Appeals,
Ninth Circuit.

Submitted April 12, 2004.*

Decided April 15, 2004.

Russell E. Marsh, Andrew Duncan, Las Vegas, NV, for Plaintiff–Appellee.

Terrence M. Jackson, Law Office of Terrence M. Jackson, Las Vegas, CA, for Defendant–Appellant.

Before: O'SCANNLAIN, RYMER, and BEA, Circuit Judges.

MEMORANDUM **

Nakuru McAllister appeals his 121–month sentence following his guilty plea to conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(iii). McAllister's only

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

contention is that the government breached its plea agreement by acting in bad faith and refusing to recommend a downward departure pursuant to U.S.S.G. § 5K1.1. Because McAllister validly waived his right to appeal his conviction and sentence, we dismiss.

There is no support for McAllister's contention that the government was under any legal obligation to move for a downward departure in good faith or otherwise. *Cf. United States v. Khoury*, 62 F.3d 1138, 1142 (9th Cir.1995) (noting that whether the government acted in bad faith was irrelevant to whether the court could compel the government to move for a downward departure; rather, the court could only do so if the government refused to file such a motion on an unconstitutional or arbitrary basis). The plea agreement leaves it to the government to decide, in its sole discretion, whether to recommend a downward departure for substantial assistance. Thus, any such failure by the government to move for such a departure could not be considered a breach of the plea agreement. *See United States v. Schuman*, 127 F.3d 815, 817–18 (9th Cir. 1997) (per curiam) (finding no breach where plea agreement did not obligate government to file substantial assistance motion).

In the absence of a breach by the government, or the district court's rejection of a provision within the plea agreement, the appellate waiver must be enforced.[1]

DISMISSED.

---

**1.** Appellant's March 15, 2004 Motion to Proceed Under Seal is granted. The Clerk shall seal all court documents and records in this appeal.

