**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Orlando AUREOLES, a/k/a Orlando Aureoles Gallegos; Alberto A. Guerrero–Lopez, Defendant—Appellant.**

No. 03–50556.
D.C. No. CR–02–01198–GHK–02.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 3, 2004.

Decided March 22, 2005.

Scott M. Garringer, USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Robb C. Adkins, USSA—Office of the U.S. Attorney, Santa Ana, CA, Bernard J. Rosen, Santa Monica, CA, for Defendant–Appellant.

Before SCHROEDER, Chief Judge, GOULD, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Orlando Aureoles appeals his guilty plea conviction and the 135–month sentence imposed for conspiracy to possess with intent to distribute more than 500 grams of a substance containing methamphetamine, in violation of 21 U.S.C. § 846. As the facts are familiar to the parties, we do not recite them here except as necessary to understand our disposition.

The district court denied Aureoles's request to withdraw from a plea agreement because the district court determined that Aureoles had not provided "a fair and just reason" to permit the plea withdrawal, as required by Federal Rule of Criminal Procedure 11(d)(2)(B).[1] Because we hold that Aureoles knowingly and voluntarily waived his right to appeal and that the present appeal is encompassed by the plea agreement's language of waiver, we dismiss the appeal for lack of jurisdiction.

As a general rule, we lack jurisdiction to entertain appeals where there is a valid and enforceable waiver of the right to appeal. *United States v. Jeronimo,* 398 F.3d 1149, 1152–53, slip op. 2087, 2095 (9th Cir. 2005).[2] A waiver of the right to appeal is valid and enforceable where (1) the language of the waiver encompasses the right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made. *United States v. Joyce,* 357 F.3d 921, 922 (9th Cir.2004).

Aureoles has not demonstrated that the plea agreement was unknowing or involuntary. The agreement was explicit in expressing both the appeal waiver and the stipulated Base Offense Level. Aureoles does not and cannot contend that he did not know those things when he entered into the agreement. Thus, the sole issue

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The district court also ruled that Aureoles was ineligible for a "safety valve" reduction in his base offense level because Aureoles had not completely and truthfully provided all information concerning the offense to the government.

2. We review de novo the validity and enforceability of a waiver of the right to appeal. *Jeronimo,* 398 F.3d at 1153, slip op. at 2095.

concerns the scope of his waiver. "[I]f the language of the waiver encompasses his right to appeal," then we lack jurisdiction to entertain Aureoles's appeal. *See Joyce,* 357 F.3d at 922. The dispositive issue is whether the district court's denial of permission to withdraw from the plea is encompassed by the appeal waiver.

We employ contract law principles to determine if an appeal is encompassed in the language of a waiver, and "we will generally enforce the plain language of a plea agreement if it is clear and unambiguous on its face." *Jeronimo,* 398 F.3d at 1153, slip op. at 2095; *United States v. Nunez,* 223 F.3d 956, 958 (9th Cir.2000).

We hold that the plea agreement that Aureoles knowingly and voluntarily entered encompasses the right to appeal a denial of a motion to withdraw from the plea agreement. Aureoles's waiver encompasses "the right to appeal any sentence imposed by the [district court], and the manner in which the sentence is determined." The waiver also covers "a post-conviction collateral attack on the conviction or sentence," except in three express situations not present here.[3]

Aureoles's waiver does not recite that it covers an appeal of a denial of a motion to withdraw from the plea agreement. However, the waiver's broad language that the "[d]efendant gives up the right to appeal any sentence" and "the manner in which the sentence is determined," and the waiver's inclusion of "collateral attack[s] on the conviction or sentence," with certain ex-

ceptions not applicable on this direct appeal, lead us to conclude that the waiver covers Aureoles's current appeal. The waiver's language precludes Aureoles's appeal of the district court's denial of permission to withdraw his plea. *See Jeronimo,* 398 F.3d at 1154, slip op. at 2097 (dismissing an appeal where the plea agreement did not "specifically contemplate the possibility of an appeal based on the district court's denial of a motion to withdraw" because the waiver's "broad language clearly bars [the defendant] from bringing this appeal"); *see also Nunez,* 223 F.3d at 958 (holding that a defendant unmistakably waived his right to appeal by knowingly and voluntarily waiving his right to appeal "any sentence imposed by the Court"); *United States v. Schuman,* 127 F.3d 815, 817 (9th Cir.1997) (rejecting defendant's argument "that the language of the plea agreement does not specifically contemplate the statutory right to appeal incorrect applications of the Sentencing Guidelines for it would render the waiver meaningless").

Because Aureoles waived his right to appeal "any sentence" imposed by the district court, we conclude that we do not have jurisdiction to review whether the district court erred in denying Aureoles's motion to withdraw the plea.

DISMISSED.

---

3. The plea agreement's "LIMITED MUTUAL WAIVER OF APPEAL AND COLLATERAL ATTACK" states:

Defendant gives up the right to appeal any sentence imposed by the Court, and the manner in which the sentence is determined.... Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel,

a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Notwithstanding the foregoing, defendant retains the ability to appeal the court's determination of defendant's criminal history category and the court's determination of defendant's role in the offense under U.S.S.G. § 3B1.2.