UNITED STATES of America, Plaintiff–Appellee,

v.

James Edward LEE, aka Einstein, Defendant–Appellant.

No. 05–10451.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2007.[*]

Filed July 13, 2007.

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

David L. Gappa, Esq., USF—Office of the U.S. Attorney, Fresno, CA, for Plaintiff–Appellee.

Carolyn D. Phillips, Esq., Fresno, CA, for Defendant–Appellant.

Before: LEAVY, THOMAS and BERZON, Circuit Judges.

MEMORANDUM **

James Edward Lee appeals from the 198–month sentence imposed following his guilty-plea conviction for conspiracy to sexually exploit minors by the production of sexually explicit material, in violation of 18 U.S.C. §§ 2251(a) and (d)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Lee contends that his sentence should be reduced because the government breached the parties' plea agreement. We review de novo whether the government breached the plea agreement, *see United States v. Schuman*, 127 F.3d 815, 817 (9th Cir.1997) (per curiam), and determine that it did not. The government performed its obligation under the agreement by not seeking a sentence of greater than 210 months. Because the plain language of the plea agreement clearly and unambiguously gave the government sole discretion

to file a motion for a substantial assistance departure, no breach occurred. *See United States v. De la Fuente*, 8 F.3d 1333, 1337 (9th Cir.1993). We reject Lee's contention, raised in the reply brief, that the government prevented him from fulfilling a condition of the agreement by interviewing him and seeking a departure based on his assistance prior to sentencing rather than after sentencing.

We decline to review Lee's ineffective assistance claim on direct appeal. *See United States v. McKenna*, 327 F.3d 830, 845 (9th Cir.2003) (stating that ineffective assistance of counsel claims are generally more appropriately raised on collateral attack under 28 U.S.C. § 2255.)

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.