**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael BOWMAN, Defendant–
Appellant.**

No. 07–50127.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 2, 2008.

Filed June 30, 2008.

Michael J. Raphael, Esq., April Anita Christine, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Michael Bowman, Los Angeles, CA, pro se.

Gene D. Vorobyov, Esq., San Francisco, CA, for Defendant–Appellant.

Before: KOZINSKI, Chief Judge, D.W. NELSON and BEA, Circuit Judges.

MEMORANDUM *

Bowman's plea agreement is enforceable, including his waiver of the right to appeal his term of imprisonment and certain conditions of supervised release. The district court's musings that Bowman's waiver of the right to appeal might not be enforceable did not render the waiver un-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

enforceable. *See United States v. Schuman*, 127 F.3d 815, 817 (9th Cir.1997) (per curiam). Further, Bowman's waiver of the right to appeal the condition requiring him to participate in sex offender treatment was broad enough to encompass the requirement of condition 15 that he take all prescribed medication. Accordingly, we dismiss the portion of Bowman's appeal that challenges the length of his sentence, the requirement of condition 15 that he submit to Abel testing and take all prescribed medication, and the requirement of condition 20 that he not affiliate with a business or organization that causes him regularly to contact persons under age 18.

We have jurisdiction over the remaining conditions of supervised release that Bowman challenges on appeal because those conditions were not listed among the conditions as to which Bowman waived his right to appeal in the plea agreement.

The district court did not plainly err when it imposed condition 10, which prohibits Bowman from affiliating with or being employed by a business whose principal product is the production or sale of materials depicting sexually explicit conduct. This condition is reasonably related to the goals of deterrence and protection of the public. *See United States v. Stoterau*, 524 F.3d 988, 1010 (9th Cir.2008). The district court also did not plainly err when it imposed condition 18, which prohibits Bowman from loitering within 100 feet of places primarily used by persons under 18, and condition 22, which prohibits Bowman from residing within direct view of such places. These conditions also are reasonably related to the goals of deterrence and protection of the public. *See United States v. Bee*, 162 F.3d 1232, 1236 (9th Cir.1998). Accordingly, we affirm the imposition of conditions 10, 18, and 22.

Condition 14, which allows Bowman to use computers only within the scope of his employment, does not give the Probation Officer discretion to allow Bowman additional computer access outside the scope of his employment. At oral argument, the government conceded as acceptable a limited remand for the district court to determine whether it intended to include a provision giving the Probation Officer this discretion. Accordingly, we vacate and remand condition 14 to the district court for this purpose.

**DISMISSED IN PART, AFFIRMED IN PART, VACATED AND REMANDED IN PART.**