**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jorge Gustavo HERRERA–CORTES, Defendant—Appellant.**

**No. 07–50346.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 4, 2008.

Filed Sept. 18, 2008.

Rebecca S. Kanter, Esquire, Office of the U.S. Attorney, Bruce R. Castetter, Esquire, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Ellis M. Johnston, III, Esquire, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: CANBY and BYBEE, Circuit Judges, and QUACKENBUSH,* District Judge.

---

* The Honorable Justin L. Quackenbush, Senior United States District Judge for the Eastern

**514**

MEMORANDUM **

The Defendant–Appellant, Jorge Gustavo Herrera–Cortes (Herrera), pled guilty to drug importation for importing 18 kilograms of cocaine into the United States from Mexico, in violation of 21 U.S.C. §§ 952 and 960. Herrera raises two issues on appeal. First, Herrera contends that the government breached his plea agreement, in which the government promised to recommend crediting him with a two-level sentencing reduction for being a "minor participant" in the criminal activity, where a case agent told the probation officer that he "believed the defendant probably had significant involvement in drug trafficking given the amount of drugs and his prior stop at the border a few weeks prior to the instant offense." Second, Herrera contends that the sentencing court erred by not granting him a two-level reduction in his Sentencing Guidelines Offense as a "minor participant" in the criminal activity. The facts and procedural history of this case are known to the parties and need not be repeated here.

The information furnished by the case agent to the probation officer was nothing more than his impression based upon the undisputed facts of Herrera's offense. All parties, especially the government, have a duty of candor to the court and have an obligation to furnish all information that bears upon the sentencing decision. *See United States v. Franco–Lopez*, 312 F.3d 984, 992 (9th Cir.2002).[1] Unlike in *Franco–Lopez*, where we found the government's conduct amounted to a breach of

the plea agreement, the case agent here did not affirmatively make a recommendation to the probation officer that contradicted the terms of the plea bargain. *See id.* at 991 (explaining that the government's conduct amounted to a breach of the plea agreement because the government "affirmatively recommended to the Department that 'role enhancements were considered appropriate.' "). Therefore, the information and impression furnished to the probation officer by the case agent did not constitute a breach of the plea agreement by the government. *See United States v. Maldonado*, 215 F.3d 1046, 1052 (9th Cir.2000). Having determined that the government did not breach the plea agreement, there is no basis for Herrera's request to have the sentencing hearing before another judge.

Herrera also contends that the sentencing court erred in not reducing his Sentencing Guidelines Offense level by two based upon a contention that he was a "minor participant" in the criminal activity. A defendant has the burden of establishing by a preponderance of the evidence that he is entitled to a downward reduction based on his role in the offense. *United States v. Ladum*, 141 F.3d 1328, 1348 (9th Cir.1998). Whether a defendant qualifies for a minor participant adjustment is heavily dependent on the facts of the particular case and the sentencing court's findings are upheld unless clearly erroneous. *Id.* The defendant has the burden of establishing that he was "substantially less culpable than his co-participants." *United States v. Benitez,*

---

District of Washington, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. As we have previously noted, our standard of review for a district court's determination of whether the government has breached a plea agreement has been inconsistent. *See*

*Franco–Lopez*, 312 F.3d at 988; *compare United States v. Salerno*, 81 F.3d 1453, 1460 (9th Cir.1996) (clearly erroneous) *with United States v. Schuman*, 127 F.3d 815, 817 (9th Cir.1997) (de novo). We need not resolve the inconsistency in this case because the government did not breach the plea agreement under either standard of review.

34 F.3d 1489, 1498 (9th Cir.1994). Judge Burns thoroughly analyzed Herrera's participation including the time of his involvement, the quantity of drugs, his "dry run," his possession of a cell phone to report his success, and his role in having the vehicle used registered in his name. The sentencing court did not err in determining that Herrera was not "substantially less culpable than the average participant." U.S.S.G. 3B1.2(b) cmt. 3(A).

**AFFIRMED.**