**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Albert Carl CAMACHO, aka Albert Camacho, Defendant— Appellant.**

No. 08–50172.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed Feb. 26, 2009.

James Peter Melendres, Assistant U.S., Office of The U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Jami Lynn Ferrara, Law Office of Jami L. Ferrara, San Diego, CA, for Defendant– Appellant.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Albert Carl Camacho appeals from the 75–month sentence imposed following his guilty-plea conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Camacho contends that the district court erred by denying a downward adjustment for being a minor participant in the criminal scheme under U.S.S.G. § 3B1.2. We conclude that the district court did not clearly err. *See United States v. Cantrell,* 433 F.3d 1269, 1282–83 (9th Cir.2006); *see also United States v. Hursh,* 217 F.3d 761, 770 (9th Cir.2000).

Camacho also contends that the government breached the plea agreement by arguing on appeal that the district court did not err in refusing to grant him a minor role adjustment, and that the government is estopped from taking this position on appeal. A plain reading of the plea agreement demonstrates that the government is not bound to any position regarding a minor role adjustment on appeal. *See United States v. Schuman,* 127 F.3d 815, 817–18 (9th Cir.1997) (per curiam).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.