**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50156 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-04109-LAB |
| v. | |
| EDGAR ALBERTO INDA-LARES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted March 8, 2011[**]

Before: FARRIS, LEAVY, and BYBEE, Circuit Judges.

Edgar Alberto Inda-Lares appeals from the 57-month sentence imposed

following his guilty-plea conviction for conspiracy to import cocaine, in violation

of 21 U.S.C. §§ 846, 952(a), and 960. We have jurisdiction under 28 U.S.C.

§ 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Inda-Lares first contends that the district court erred in denying him a minor role adjustment under U.S.S.G. § 3B1.2(b). Contrary to Inda-Lares' assertion, the district court did not assert that a drug courier is never entitled to a minor role adjustment. Rather, it concluded that an adjustment was not warranted in this case. The court's determination was not clearly erroneous. *See United States v. Cantrell*, 433 F.3d 1269, 1282-83 (9th Cir. 2006) (stating standard of review and holding that denial of minor role adjustment was not clear error where evidence showed that the defendant engaged in several drug pick-ups); *United States v. Hursh*, 217 F.3d 761, 770 (9th Cir. 2000) (denial of minor role adjustment not clear error where the defendant was the sole driver and occupant of a car in which a substantial amount of drugs were hidden).

Inda-Lares next contends that the government breached the plea agreement by arguing on appeal that the district court did not err in refusing to grant him a minor role adjustment, and that the government is estopped from taking this position on appeal. A plain reading of the plea agreement demonstrates that on appeal the government is free to support the sentence imposed, and is not bound to any position regarding a minor role adjustment. *See United States v. Schuman*, 127 F.3d 815, 817-18 (9th Cir. 1997) (per curiam). Furthermore, the government's position on appeal is not inconsistent with its recommendation of the minor role

2

adjustment below.  Inda-Lares' estoppel arguments therefore fail.  *See Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990) (estoppel applies where party makes an assertion in a legal proceeding that "directly contradicts" an earlier assertion).

Finally, Inda-Lares contends that his sentence is substantively unreasonable. In light of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors, the sentence is not substantively unreasonable.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**