**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KAREN DENISE BERRY,

Defendant - Appellant.

No. 09-50537

D.C. No. 5:06-cr-00075-SGL

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Stephen G. Larson, District Judge, Presiding

Submitted December 19, 2011[**]

Before:    GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Karen Denise Berry appeals from the 72-month sentence imposed following

her guilty-plea conviction for conspiracy to defraud the United States, in violation

of 18 U.S.C. § 371, aiding and assisting in the preparation of false income tax

returns, in violation of 26 U.S.C. § 7206(2), and willful filing of a false income tax

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

return, in violation of 26 U.S.C. § 7206(1). We have jurisdiction under 28 U.S.C. § 1291, and we dismiss.

Berry pleaded guilty pursuant to a written agreement that included an appeal waiver. She contends that the appeal waiver is not enforceable because: (1) the district court orally advised her that she had ten days to file a notice of appeal; (2) her sentence violated the law; (3) she was not sentenced in conformity with the plea agreement; and (4) the plea colloquy was inadequate due to the district court's failure to comply with the requirements of Federal Rule of Criminal Procedure 11(c)(3)(B).

Each of these contentions lack merit. The district court's advisement to Berry that she had ten days to file a written notice of appeal did not invalidate the waiver provision. *See United States v. Buchanan*, 59 F.3d 914, 917-918 (9th Cir. 1995); *United States v Schuman*, 127 F.3d 815, 817 (9th Cir. 1997); *see also United States v. Lopez-Armenta*, 400 F.3d 1176-77 (9th Cir. 2005) (there must be evidence at the time of the entry of the plea that the defendant thought he or she could appeal).

Berry's sentence did not violate the law because it was authorized by the judgment of conviction and was not in excess of the statutory maximum. *United States v. Vences*, 169 F.3d 611, 613 (9th Cir. 1999) (challenging the validity of an

09-50537

appeal waiver because the district court's failure to comply with 18 U.S.C. § 3553(a) made the sentence illegal).

The sentence imposed was below the range specified by the plain language of the plea agreement, and the agreement did not require that the losses be apportioned among the individual defendants. *See United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000) (plea agreements are subject to contract law standards of interpretation).

Finally, the district court's failure to strictly comply with the requirements of Fed. R. Crim. P. 11(c)(3)(B) did not affect Berry's substantial rights. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004) (to establish plain error under Rule 11, a defendant must show a reasonable probability that he would not have entered the plea).

Accordingly, we enforce the valid appeal waiver. *See United States v. Watson*, 582 F.3d 974, 986-87 (9th Cir. 2009).

**DISMISSED.**