FILED

MAR 12 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50530 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-05423-BEN-1 |
| v. | |
| RAMON ARMANDO SAUCEDO-TREJO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted March 6, 2014
Pasadena, California

Before: BYBEE, BEA, and IKUTA, Circuit Judges.

Defendant Ramon Armando Saucedo-Trejo argues that despite having

waived his right to appeal his within-Guidelines sentence, he may raise an appeal

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

pursuant to 18 U.S.C. § 3742 because the government breached the plea agreement.

We disagree. The government did not breach the express terms of the plea agreement by asking the court to impose a 16-level "crime of violence" enhancement based on defendant's prior conviction. Section X.A of the agreement establishes that the parties did not agree to make a joint recommendation of a Specific Offense Characteristic but rather authorized each party to make its own argument to the court regarding the appropriate enhancement at sentencing. Based on the contract as a whole and the course of performance between the parties, Section X.F required the parties to recommend the low end of the advisory guidelines range at the time of sentencing, not to reach agreement on the elements of the sentence expressly left open in Section X.A.

Nor did the government act in bad faith by recommending the enhancement prior to obtaining the change of plea colloquy transcript from state court. Nothing in the plea agreement prohibited the government from requesting a continuance to obtain such documents from state court before sentencing.

Because we conclude the plea agreement contains a valid appellate waiver and the government did not breach the plea agreement, we dismiss the appeal. *See United States v. Schuman*, 127 F.3d 815, 817–18 (9th Cir. 1997) (per curiam).

**DISMISSED.**