**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

APR 14 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CARLOS ALAMILLA RAMIREZ,

Defendant - Appellant.

No. 14-50055

D.C. No. 3:13-cr-03097-LAB-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted April 8, 2015[**]
Pasadena California

Before: KLEINFELD and CLIFTON, Circuit Judges and SEEBORG,[***] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Richard Seeborg, District Judge for the U.S. District
Court for the Northern District of California, sitting by designation.

Carlos Ramirez appeals the 63-month sentence imposed following his guilty plea conviction of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). We have jurisdiction under 28 U.S.C. § 1291 and affirm the sentence. Whether the government violated the terms of a plea agreement is reviewed de novo. United States v. Schuman, 127 F.3d 815, 817 (9th Cir. 1997) (per curiam). But whether the facts demonstrate that there was a breach of a plea agreement is reviewed for clear error. United States v. Salemo, 81 F.3d 1453, 1460 (9th Cir. 1996).

The government did not advocate for a two-level enhancement for a stolen firearm in violation of Ramirez's plea agreement. By its plain terms the agreement states, "[n]othing in this plea agreement shall be construed as limiting the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office." It was not clear error for the district court to find that the prosecutor was not advocating for a two-level enhancement when he acknowledged to the probation officer, in a phone call prior to sentencing, that the gun found in Ramirez's car was reported stolen. See United States v. Hinkson, 585 F.3d 1247, 1261–63 (9th Cir. 2009) (en banc). Even absent such a finding of fact,

the record in this case would not support the conclusion that the government breached the plea agreement.

Although it is debatable whether a report of a gun being stolen is conclusive evidence that it was indeed stolen, here, it was not clear error for the district judge to rely on the PSR and find by a preponderance of the evidence that the gun was stolen.[1] See United States v. Maldonado, 215 F.3d 1046, 1051 (9th Cir. 2000).

**AFFIRMED.**

---

[1] We will, however, grant Ramirez's motion to strike page 8 of the government's supplemental excerpts of record containing the police report of Ramirez's arrest, because the document was not before the district court.